## THOMAS F. ROWLEY *vs.* MILTON RAY.

Essex. Nov. 5, 1884. — May 8, 1885. FIELD, C. ALLEN, & COLBURN, JJ., absent.

If a declaration contains several causes of action, and a general verdict is returned for the plaintiff for nominal damages, he has no ground of exception to any ruling given at the trial, or to any refusal to rule, unless such ruling or refusal to rule relates to the question of damages.

TORT against a police officer. The declaration contained four counts. The first was for an assault and battery; the second, for a false arrest and imprisonment; the third, for injuries received from the carelessness and negligence of the defendant in the management and control of a wagon in which he was conveying the plaintiff after arrest; the fourth, for injuries received by being thrown from the wagon in which the defendant had him in custody and was conveying him to a place of confinement. The last count contained no allegation of negligence or carelessness on the part of the defendant.

At the trial in the Superior Court, before *Blodgett*, J., it appeared that the defendant arrested the plaintiff, without a warrant, on the charge of drunkenness, on August 27, 1882; and, immediately after the arrest, placed the defendant in a wagon belonging to himself, and started to drive him to a place of confinement; that, on the way, a part of the harness became separated, and the horse, startled thereby, ran, and overturned the wagon, and threw the occupants to the ground.

The plaintiff's evidence tended to show that by being thrown from the wagon he was bruised and injured, so that he was confined to his house for three days ; and that the defendant, voluntarily and without solicitation, discharged him from arrest, and told him to go home.

The defendant offered evidence tending to show that the plaintiff, after he was thrown from the carriage, asked to be allowed to go home; that the defendant allowed him to go, but told him, and two of his friends who were with him, that he must appear in court to answer to a complaint for drunkenness, but that the plaintiff was not notified when he was to appear. On cross-examination, the defendant testified that he released the plaintiff from arrest because he did not then know how badly the plaintiff was hurt, and on account of the condition of his horse and wagon, and the other circumstances; that the plaintiff was able to walk, and the defendant could have taken him with him had he so chosen.

The defendant's evidence further showed, that on the morning of August 30 he made a complaint against the plaintiff in the Police Court of Chelsea for drunkenness, being the same offence for which he arrested the plaintiff on August 27; and the defendant was allowed, against the plaintiff's objection, to put in evidence the records of said Police Court, and of the Superior Court to which the plaintiff appealed, showing the complaint, the warrant for his arrest, his conviction and appeal, that he was defaulted in the Superior Court, and that the complaint was placed on file on payment of costs. The defendant testified that the reason why he did not make a complaint on the day after the arrest, or the day following, was, that during those days he was busy, as an officer, on another matter not connected with the case of the plaintiff.

The plaintiff requested the judge to instruct the jury as follows : " If an officer arrests a person without a warrant for the offence of drunkenness, he does so at his peril, and he is bound to keep the person arrested in custody until the person arrested is in a condition proper for appearance in court, or, in other words, until he has recovered from his intoxication, and then to bring him into court upon a complaint; and, if he fails in any of these requirements, he is liable in damages for false arrest, and is a

trespasser *ab initio*, and is liable for all injuries resulting from said arrest."

The judge read the request to the jury, and said to them that it was a correct statement of the general rule of law, but that the circumstances might be such as to justify an officer in releasing a prisoner from arrest before bringing him into court; as, for example, if the prisoner were taken sick with paralysis or some other disease, or received serious bodily injury, by accident or otherwise, and the disease or injury were such that the further detention of the prisoner in custody would be likely to prevent or materially to retard his recovery; and the judge further instructed the jury, that, if the plaintiff was found by the defendant intoxicated in a public place, or committing a breach of the peace, or disturbing others by noise, and the defendant arrested him, and started to carry him to some suitable place of confinement, intending there to keep him in custody until he was so far recovered from his intoxication as to render it proper to carry him before a court, and then to make a complaint against him for the crime of drunkenness, and, while the defendant was so proceeding, an accident or other cause intervening without fault of the defendant rendered it reasonably necessary to desist from proceeding further with said purpose at that time, the defendant would be justified in permitting the plaintiff to go temporarily from his custody, if within a reasonable time he made said complaint against the plaintiff.

The judge refused to rule, as requested by the plaintiff, that the reason offered by the defendant why he did not take the plaintiff to a place of confinement was no defence to this action, but left to the jury to determine whether the facts made it reasonably necessary to discharge the plaintiff.

The jury returned a verdict for the plaintiff for $1; and the plaintiff alleged exceptions.

*H. F. Hurlburt & W. H. Lucie*, for the plaintiff.

*H. Wardwell*, for the defendant.

W. ALLEN, J. The plaintiff declared for false arrest and imprisonment. The verdict for him upon that issue involved the finding that the arrest was unlawful. The rulings excepted to related solely to the question of the validity of the arrest, and were therefore made immaterial by the verdict, which, in

legal intendment, was rendered on the ground that the arrest was invalid. The verdict shows that the plaintiff was not aggrieved by the rulings excepted to; and the question whether they were correct is not before us.

The suggestion that there might have been a verdict for the plaintiff upon other counts of the declaration, and for the defendant upon the counts alleging false arrest and imprisonment, cannot avail the defendant. The general verdict for the plaintiff must, on these exceptions, be taken to be a verdict for him on every cause of action alleged in the declaration, if there be more than one. *Wood* v. *Southwick*, 97 Mass. 354. *Hadley* v. *Heywood*, 121 Mass. 236.

The plaintiff contends that he was aggrieved because substantial damages were not given; but he was not aggrieved by any ruling of the court in regard to or affecting the damages.

As the exceptions do not show that the plaintiff was aggrieved by any ruling or instruction excepted to, the entry must be,

*Exceptions overruled.*