DAVID McINTOSH *vs.* BRIDGET E. HASTINGS.

Suffolk.     March 11, 1892. — May 9, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Authority of Architect — Extra Work.*

This court will not consider rulings requested and refused, if they are rendered immaterial by findings of fact of the presiding justice.

Where the presiding justice found as a fact that an architect was not authorized to make any contract for carting to a building mortar which was used in plastering, and which was included in the contract of a party to do a portion of the

work of repairing the building for a specified price, it was stated that the court was not aware of any principle which required the justice to rule that an architect had such authority, as matter of law.

CONTRACT, to recover forty dollars for carting mortar to a building in Boston, and forty-nine dollars for materials furnished and labor performed and furnished in repairing certain portions of the walls and ceilings thereof.

At the trial in the Superior Court, without a jury, before *Thompson*, J., it appeared in evidence that the defendant, who proposed to alter and repair an old building and erect a new one on an adjoining lot, employed one Fehmer, an architect, to make the plans and act as superintendent, and the defendant testified that she instructed him not to order any extra work without her knowledge and consent. Fehmer testified that he was employed as architect and superintendent in the usual manner, and did not remember that he received the special instructions referred to. It further appeared that Fehmer advertised for bids for work in his own name, and with the defendant's knowledge and consent; that the plaintiff sent to Fehmer a bid for the work of lathing, plastering, etc., "as per plans prepared by you, for the sum of $1,491," stating that this included "fire-proof work to conform with building laws, and inside of bay windows lined with blocks, also repairing plastering in old building"; that this bid was accepted, and that at the time it was made the plaintiff was shown the architect's plans of the work to be done, and that the plaintiff performed the work and received his pay; that all the instructions were given to the defendant by Fehmer, and that the plaintiff had no conversation with the defendant until after all the work had been completed, and that he had no knowledge of any instructions given by the defendant to Fehmer as to extra work; and that, before the building was ready for the work to be done that was called for by the plaintiff's contract, the defendant instructed Fehmer to have the old building finished as soon as possible.

It was contended by the plaintiff that there was no suitable place upon the premises where he could make the mortar for the repairing of the plastering of the old building. The defendant contended there was such a place, and said that Fehmer instructed the plaintiff to make the mortar elsewhere and cart

it to the building, and said that he should have a reasonable compensation therefor. It appeared that there is a well established custom under contracts of this nature to make the mortar upon the premises. It also appeared that the plaintiff made the mortar elsewhere, and carted it to the building, and that forty dollars was a reasonable compensation for the same. It was further testified, that, after the plastering had been substantially completed, Fehmer instructed the plaintiff to make certain repairs upon that part of the walls and ceilings of the old building indicated on a plan which was in evidence, and that the plaintiff, in pursuance of these instructions, furnished materials and labor for the performance of the work, and that forty-nine dollars was a reasonable price for the same, the plaintiff contending that the same was not included in his contract, and the defendant that it was included. The work, if extra, was ordered by Fehmer without consultation with the defendant.

Fehmer testified, against the objection of the defendant, that, " when small matters occur in the construction or repair of buildings, it is the custom for architects to order extra work without consulting the owner." There was no evidence to contradict this testimony; and Fehmer further testified that the two matters upon which the suit was brought were necessary to the proper completion of the building.

The plaintiff requested seven rulings of law, based largely upon the theory that an architect, by virtue of his position, may disregard his employer's instructions restricting his authority, if the restrictions are not known to the contractor, and may order extra work without consulting the owner when small matters requiring it occur in the construction or repair of buildings.

The judge declined the requests, and found that Fehmer, the architect, was employed by the defendant to see that the plaintiff conformed to the terms of the contract in both material and labor, but was not authorized to vary the terms of the contract or to order new work, or to change the contract as to the mode of doing the work; that Fehmer was not authorized to put the defendant to additional expense in the making of the mortar; and that the contract, if any, between the plaintiff and Fehmer as to carting the mortar was not authorized, and the plaintiff had no right to recover for carting the mortar and the extra labor;

and further, that the architect did not have authority to employ the plaintiff to do any additional work to that covered by the contract between the plaintiff and the defendant, and the plaintiff was not entitled to recover for the work of the plasterer, provided the same was not included in the contract.

The judge further found that the work of the plasterer was included in the contract between the plaintiff and the defendant, and that therefore the plaintiff was not entitled to recover any additional compensation therefor; and the plaintiff alleged exceptions.

*J. E. Kelley*, (*H. L. Boutwell* with him,) for the plaintiff.

*G. M. Palmer*, for the defendant.

BARKER, J.   The defendant, desiring to alter and repair a building and erect a new structure on an adjoining lot, employed an architect to make plans and superintend the work of construction.   Whether the architect was explicitly instructed not to order any extra work without the defendant's knowledge and consent, was in dispute at the trial, which was without a jury. The plaintiff contracted in writing to do a portion of the work for a specified price.   The action is brought to recover the sum of forty dollars for carting to the building mortar which was used in plastering included in his contract, and the further sum of forty-nine dollars for repairing certain walls and ceilings, which work the plaintiff claims was not included in his contract. The plaintiff requested several rulings of law based upon the theory that an architect, by virtue of his position, irrespective of the terms on which he is engaged, has authority to bind his employer by contracts for any work done upon the structures concerning which he is employed, notwithstanding his employer's instructions restricting his authority, if the restrictions are not in fact known to the contractor; and to order extra work without consulting the owner when small matters requiring it occur in the construction or repair of buildings.   We do not find it necessary to consider whether there is any foundation for the plaintiff's theory so far as the claim is for extra work, because the presiding justice has found as a fact that all the items claimed as extra work were included in the plaintiff's written contract.

As to the item for carting the mortar to the building, it is

plain that the contract to plaster the structure implied that the plaintiff should furnish the mortar; and that the architect had no power, by virtue of his position merely, and without authority from his employer, so to vary the contract that his employer would be bound to pay an extra price for furnishing the mortar in a way not contemplated by the contract. The presiding justice has found as a fact that the architect was not authorized to make any contract for carting the mortar, and we are aware of no principle which required him to rule that an architect has such authority, as matter of law.          *Exceptions overruled.*