ANN GIBNEY *vs.* EDWARD W. EVERSON & another.

Norfolk. March 9, 1906. — June 19, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Negligence. Metropolitan Sewerage Commissioners. Practice, Civil,* Exceptions.

In an action against a contractor employed by the metropolitan sewerage commissioners for injury to property by the negligent and unskilful acts of persons employed by him in constructing a sewer, it is no defence that on a certain day the defendant sublet the contract to an independent contractor, if under the

terms of his contract he had no right to sublet it, and if there is evidence that the contract of subletting was not genuine and the jury find this to have been the case, and if also the work was carried on by the defendant himself for about two months before the alleged subletting and the defendant makes no request that the jury shall separate the damages up to and after that date.

If no action can be maintained against the metropolitan sewerage commissioners for injury to property by the negligent and unskilful acts of persons employed by them in the work of constructing a sewer, which in this case there was no occasion to consider, this does not help a contractor employed by the commissioners when sued for injury to property caused by such acts on the part of himself or his servants.

No exception lies to the entire charge of a judge.

TORT in three counts which are described in the first paragraph of the opinion. Writ dated February 24, 1902.

In the Superior Court the case was tried before *Schofield,* J. The defences relied upon by the defendants are stated in the opinion. At the close of the evidence the defendants asked the judge to make the following rulings :

First. The defendants having made a written contract with Upper to do the work, and placing Upper in the responsible charge of the work and workmen, are not liable for any injury suffered by the plaintiff caused by the negligence of Upper's servants, if there was such negligence.

Second. That under the contract between the defendants and Upper, Upper had control of all blasting and explosions, and the defendants had no control over such blasting and explosions, and the defendants cannot be held liable for any negligence of Upper.

Third. If the work contemplated under the contracts could have been done in such a manner as not to injure the property of the plaintiff, the negligence of the sub-contractor, Upper, cannot be imputed to the defendants.

Fourth. All the work done by the defendants was done under the license conferred by St. 1889, c. 439, St. 1895, c. 406, and St. 1899, c. 424.

Fifth. The work done by the defendants was done under and by virtue of a contract with the State, acting by the metropolitan sewerage commission, and all the work was necessary, contemplated and called for by that contract. The work was done under a contract with the State, and the defendants cannot be held liable, as a matter of law, for doing the acts

necessarily contemplated and called for by such license and contract.

Sixth. Upon all the evidence the plaintiff cannot maintain this action.

The judge refused to rule as requested and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $250. The defendants alleged exceptions. The bill of exceptions, after stating the refusal of the rulings requested and printing the charge of the judge, stated that the defendants excepted to "the refusal to make the foregoing rulings," to "the foregoing instructions to the jury," and to "the submission of the case to the jury."

*J. W. Keith,* for the defendants.

*I. C. Hersey,* (*T. E. Grover* with him,) for the plaintiff.

LATHROP, J. This is an action of tort in three counts. The first count is for negligently and unskilfully blasting in the work of constructing a sewer in the town of Hyde Park, whereby injury was done to the cellar walls of the plaintiff's house in that town. The second count alleges that the defendants in connection with the work of constructing the sewer had a stationary engine and boiler near the plaintiff's house, and that the same had been so unskilfully operated that dense clouds of black smoke and cinders and large quantities of dust had come therefrom, thereby discoloring and disfiguring the house. The third count was for negligently diverting the rainwater by deposits of gravel and other material, and by pumping water so that it flooded the cellar of the plaintiff's house.

At the trial in the Superior Court the plaintiff put in evidence tending to show the injury done to her house according to the declaration.

The principal defence was that the defendants had sublet the contract to one Upper on June 11, 1900 ; that he was an independent contractor ; and that therefore they were not liable. By the defendants' contract with the metropolitan sewerage commissioners the defendants had no right to sublet their contract. Apart from this there was evidence that the contract with Upper was not a genuine contract, and this question was submitted to the jury. Again, it appeared that the defendants began work in April, 1900, and they did not deny that they continued it until

June 11, 1900; and there was no request that the jury should separate the damages up to and after that date.

Another contention is that the board of sewerage commissioners could not be sued; but this is of no consequence in this case, and we need not consider it.

The only exceptions taken were to the refusal of the judge to give certain instructions requested, and to the instructions given. The entire charge appears to be reported. It is unnecessary to cite authorities in support of the proposition that an exception does not lie to an entire charge. The defendants have not pointed out in their brief any particular request which should have been given, but have argued the case generally.

We do not feel called upon to go over these requests in detail. It is enough to say that on the questions argued, we see no ground of exception.

*Exceptions overruled.*