BEATRICE BECKLES *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.    March 17, 1913. — April 1, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Evidence,* Materiality.    *Attorney at Law.    Practice, Civil,* New trial.

In an action of tort by a woman for personal injuries, where it appears that the plaintiff was attended by a physician who was called in by a person into whose house she was carried after the accident and that the plaintiff paid him nothing, it is proper to refuse to allow the defendant to ask the plaintiff on her cross-examination whether she had any money to pay this physician, this having no bearing, either under St. 1907, c. 443, prohibiting the solicitation of employment by attorneys at law, or otherwise, upon any of the issues on trial.

Upon a motion for a new trial after a verdict for the plaintiff in an action of tort, where at the trial the testimony of the plaintiff and of one other witness was contradicted by that of twelve witnesses for the defendant, the judge refused to rule as matter of law, "that where witnesses of equal candor, fairness and intelligence testify with equal opportunity of knowledge and memory, and their testimony is in all respects of equal weight and credibility," if there is a conflict as to facts which cannot be reconciled, the number of witnesses constitutes a preponderance and the verdict should be in harmony with the testimony of the greater number of witnesses. *Held,* that, whether or not the ruling requested might be correct as a theoretical proposition, in the present case it required the assumption of facts which were not shown to exist and therefore was refused properly.

TORT for personal injuries alleged to have been sustained on September 11, 1909, when the plaintiff was a passenger on an open street railway car of the defendant, from the negligent starting of the car by the servants of the defendant when the plaintiff was in the act of alighting from it at the corner of Main Street and Third Street in Cambridge. Writ dated September 29, 1909.

In the Superior Court the case was tried before *Hitchcock,* J.

The evidence of the plaintiff on the question of liability was to the effect that she signalled to the conductor to stop the car; that the signal was given by the conductor; that the car stopped and that, while it was motionless and as she was about to alight, the conductor made a motion with his hand and rang the bell twice; that the car started violently and the plaintiff was thrown to the

ground and injured. These facts were testified to by the plaintiff and her testimony was corroborated by that of a passenger who was standing on the running board of the car.

One Mrs. Moore, a witness for the plaintiff, testified that the plaintiff was brought to her house after the accident and that the witness sent for her family physician, Dr. Heaton, who continued to attend the plaintiff until some time in October.

The plaintiff on her cross-examination was asked whether she paid Dr. Heaton anything, and answered "Why, no. I have n't got it." She then was asked, "Did you have any money to pay Dr. Heaton?" The plaintiff objected to the question. The defendant contended that the question was competent by reason of St. 1907, c. 443, entitled "An Act to prohibit the soliciting of employment by attorneys at law." The judge excluded the question as immaterial, and the defendant excepted.

Upon the question of liability the defendant called ten witnesses, who testified that the plaintiff got off the car before it had stopped. This was corroborated by the statements of two absent witnesses, which were read to the jury by the defendant by agreement of counsel.

The jury returned a verdict for the plaintiff in the sum of $3,000. The defendant filed a motion for a new trial, which was heard by the judge. At the hearing the defendant relied chiefly on the ground that the verdict was against the weight of the evidence. Upon that question the defendant asked the judge to rule as a matter of law as follows: "That where witnesses of equal candor, fairness and intelligence testify with equal opportunity of knowledge and memory, and their testimony is in all respects of equal weight and credibility and there is a conflict as to facts which cannot be reconciled, the number of witnesses then constitutes a preponderance and the verdict should be in harmony with the greater number of witnesses." The judge refused to make this ruling, stating that it was not for the court to pass upon the questions of equal candor, fairness and intelligence, equal opportunity of knowledge and equal weight and credibility. The judge expressed the opinion that there was evidence which, if believed, justified the jury in finding for the plaintiff, and as a matter of discretion denied the motion for a new trial.

The defendant alleged exceptions to the refusal of the judge to

make the ruling requested at the hearing of the motion for a new trial, and to the exclusion at the trial of the question stated above.

The case was submitted on briefs.

*W. R. Evans, Jr.,* for the defendant.

*P. Mansfield, A. F. Whalen & J. H. Vahey,* for the plaintiff.

MORTON, J. The question asked the plaintiff on cross-examination by the defendant, "Did you have any money to pay Dr. Heaton?" was properly excluded. There was and is nothing to show its materiality. The question whether Dr. Heaton was employed by the counsel originally retained by the plaintiff, of which there is not only not the slightest evidence but such evidence as there is goes to show affirmatively that he had nothing to do with the employment of Dr. Heaton, could have had no relevancy either under St. 1907, c. 443, or otherwise, to any of the issues on trial.

The ruling requested on the motion for a new trial was properly refused. Whether or not as a theoretical proposition the ruling requested might be true, as applied to the case before the court it required the assumption of facts which were not shown to exist, and therefore was properly refused.

*Exceptions overruled.*