John E. Cotter *vs.* Nathan and Hurst Company.

Suffolk.   March 11, 1914. — June 17, 1914.

Present: Rugg, C. J., Hammond, Loring, Braley, & Crosby, JJ.

*Unlawful Arrest.   Agency.*

In an action against a corporation for unlawfully causing the arrest of the plaintiff in a civil action upon a false affidavit of the defendant's president that the plaintiff was about to leave the Commonwealth, it appeared that the defendant was a creditor of the plaintiff and sent an agent, who was employed by the defendant "to look after the outside accounts," to interview the plaintiff, that this agent reported to the defendant's president that the plaintiff said that he could not pay his debt to the defendant but that he had some mines in Nova Scotia and was going there to look after them and that, if the agent would wait, he would send him the money.   The plaintiff testified that he said nothing to the agent about going to Nova Scotia or anywhere out of the Commonwealth. The defendant's president sent the agent to see the attorney of the company, and thereafter, acting on the advice of counsel, the defendant's president signed and made oath to the affidavit on which the plaintiff was arrested. *Held,* that on these facts the plaintiff was entitled to have the jury instructed that, if the report of the agent to the defendant's president that the plaintiff was about to leave the Commonwealth was false, the agent's knowledge of its falsity was imputable to the defendant, and that, if the defendant acted on the advice of counsel in making the arrest, but had failed to disclose to its counsel the true conversation between the defendant's agent and the plaintiff, its acting upon the advice of counsel was no defense. *Held, also,* that the jury should have been instructed that, if a rational person, having the knowledge that the defendant had through its president and its agent, would not have had reasonable cause (as defined by the judge) to believe that the plaintiff intended to leave the Commonwealth, then, if the other material facts were proved, the plaintiff might recover.

Tort against a corporation for unlawfully causing the arrest of the plaintiff on civil process in an action of contract.   Writ dated September 20, 1911.

In the Superior Court the case was tried before *Pratt,* J.   The evidence and also the requests of the plaintiff for instructions, which were refused by the judge, are described in the opinion. The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*C. H. Sprague,* for the plaintiff, submitted a brief.

*W. H. Brown,* (*A. S. Neal* with him,) for the defendant.

RUGG, C. J.  This is an action of tort in which the plaintiff seeks to recover from the defendant corporation damages for maliciously causing his arrest on mesne process.  The plaintiff was arrested on a writ sued out by the defendant against him in an action of contract, on the ground that he was going to leave the State.  The plaintiff was a debtor to the defendant upon a contract of sale.  There was testimony tending to show that the defendant had made very considerable effort to find the plaintiff, without success, and that the defendant's president, receiving information that the plaintiff was at the Parker House in Boston, sent one Waitt to interview him.  Waitt's general employment by the defendant was "to look after the outside accounts. That was his entire business. . . . He was an outside man and did some inside work too."  The report of Waitt to the defendant's president (as testified by the latter) was, "I asked Mr. Cotter for the money and he said he couldn't pay it, and he said, 'I have got some mines down in Nova Scotia that I am going down to look after,' and he said that 'if you will wait I will send you the money.'"  Thereupon the defendant's president sent Waitt to see its attorney; and thereafter, acting on the advice of counsel, the president of the defendant signed and made oath to the affidavit of arrest before a master in chancery.  The plaintiff denied that he made any statement to Waitt about going to Nova Scotia or anywhere out of the Commonwealth, and testified that he simply said that he was at Young's Hotel.  The plaintiff requested instructions to the jury (which were denied) in various forms, to the effect in substance, that knowledge on the part of Waitt of the falsity of the report made by him to the defendant's president (if it was false) that Cotter was going to leave the State was imputable to the defendant, and that, if the defendant acted on advice of counsel in making the arrest and failed to disclose to him the true conversation between Waitt and Cotter, then advice of counsel was not a defense.

Under the circumstances of this case the substance of these requests should have been granted.  Waitt was the agent of the defendant for the purpose of the interview with Cotter.  He was sent for the express purpose of talking with him about the account and ascertaining the facts respecting it, on which action by the defendant might be based.  On reporting this conversation

to the defendant's president, he was sent by the latter to the counsel for the defendant for the purpose of making full disclosure of the substance of the conversation, in order that the counsel might determine what ought to be done in the interests of the defendant. He thus was constituted agent respecting this particular matter by the course of conduct between him and the executive officer of the defendant, whatever may have been the scope of his general employment. The president of the defendant apparently made no detailed representations to the counsel, but adopted and relied upon those made by Waitt. While it is true that an agent commonly is not authorized to act respecting arrests of debtors of his principal, nor the bringing of actions against them, the facts in the case at bar disclose a situation where it was the duty of the agent to gather and communicate information touching the particular matter in the discharge of his duty as agent. To use the terse phrase of Lord Halsbury in *Blackburn, Low & Co.* v. *Vigors*, 12 App. Cas. 531, at page 537, "When a person is the agent to know, his knowledge does bind the principal." The extent of Waitt's authority was to ascertain and report the facts. He was not clothed with power to institute proceedings, nor to make the affidavit. But so far as he had knowledge of facts which would have shown that there was not reasonable cause to believe that Cotter intended to leave the State, the defendant is bound by that knowledge. *Innerarity* v. *Merchants' National Bank*, 139 Mass. 332, and cognate cases, where knowledge of the agent has been held not to be knowledge of the principal because the agent is perpetrating an independent wrong on his own account for a supposed advantage to him hostile to his employer, are not applicable because there is nothing in the evidence to indicate that Waitt was unfaithful to his employer through any personal interest. The jury should have been instructed that, if a rational person having the knowledge which the defendant through its president and its agent, Waitt, had, would not have had reasonable cause (as that should be defined to be, *Good* v. *French*, 115 Mass. 201,) to believe that Cotter intended to leave the State, then so far as that branch of the case went, the plaintiff might recover.

No other error is disclosed upon this record.

*Exceptions sustained.*