JOHN E. COTTER *vs.* NATHAN AND HURST COMPANY.

Suffolk.    November 19, 1915. — January 10, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Practice, Civil,* Exceptions, Conduct of trial.  *Witness,* Cross-examination.

An exception to the admission at the trial of an action for maliciously causing the plaintiff's arrest on mesne process of evidence that related only to the amount of damages cannot be sustained after a verdict for the defendant, which made the evidence immaterial, and in such a case it is not necessary to consider the question of the competency of the evidence.

A presiding judge here was held to have exercised properly his discretionary power to limit a cross-examination in excluding a question the materiality of which was not apparent and which already had been answered in substance.

DE COURCY, J.   The defendant corporation was charged in this action with maliciously causing the plaintiff's arrest on mesne process. See *Cotter* v. *Nathan & Hurst Co.* 218 Mass. 315. The second trial * resulted in a verdict for the defendant; and the only exceptions before us relate to evidence.

Two of these exceptions are to the admission of testimony that the plaintiff had been summoned before the poor debtor court five times; and a third is to the proof of the judgment obtained against him by Ada B. Boynton, in 1911.   As all of this was expressly admitted only on the issue of the amount of damages, and there was no occasion for the jury to consider it when they found against the plaintiff on the issue of liability, the question of its admissibility was made immaterial by the verdict, and need not be discussed.  *Ducharme* v. *Holyoke Street Railway,* 203 Mass. 384, 392.

The remaining exception is to the exclusion of an answer to a

---

\* Before *White,* J.

question which the plaintiff's counsel asked of the witness Shumway in his cross-examination. The materiality of the question is not apparent. Aside from that, however, the question already had been answered in substance. No error is shown in the exercise of the judge's discretion in limiting the cross-examination. *Jennings* v. *Rooney,* 183 Mass. 577. *Ginns* v. *C. T. Sherer Co.* 219 Mass. 18.

*Exceptions overruled.*

The case was submitted on briefs.

*C. H. Sprague,* for the plaintiff.

*W. H. Brown,* for the defendant.