JOSEPH MILLEN *vs.* MOSES H. GULESIAN & trustee.

Suffolk.    October 19, 1917. — January 2, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Damages,* Liquidated.  *Contract,* Building contracts.  *Practice, Civil,* Exceptions, Rulings and instructions, Judge's charge.

Where, in a declaration in set-off, filed by the defendant in an action on a contract to furnish all the ornamental iron work in a theatre, the defendant under an express provision of the contract seeks to recover $50 for every week that the work, or the several portions thereof, remained unfinished after the dates specified for completion, attempting to enforce this provision as one for liquidated damages and not a penalty, he cannot be allowed to introduce evidence to show the amount of loss occasioned to him by the delay in opening the theatre, he being confined to the measure of damages for delay which by the terms of the contract he had agreed upon in advance.  In the present case the exclusion of this evidence on the question of damages was rendered immaterial by a finding of the jury that the plaintiff was not liable on the defendant's declaration in set-off.

A refusal by a presiding judge to give a ruling requested is made immaterial by a finding of the jury that an assumed fact on which the request is founded does not exist.

It is right for a presiding judge to refuse to make a ruling which is not applicable to the evidence.

An exception to a portion of the charge of a judge cannot be sustained where the facts necessarily involved in the findings of the jury show that the excepting party was not aggrieved by the portion of the charge excepted to.

CONTRACT, the declaration containing two counts, the first for $8,285 on an account annexed and the second for the alleged breach of an express contract in writing, which it was alleged that the plaintiff was prevented from completing after he had furnished labor and materials to the amount of $7,625.  Writ dated July 10, 1912.

The defendant filed a declaration in set-off, which is described in the opinion.

In the Superior Court the case was tried before *Sanderson,* J. The work and labor were upon, and the contract in writing related

to furnishing, the ornamental iron work for the construction of the St. James Theatre in Boston. The defendant offered to introduce evidence showing the amount of loss occasioned him by the delay in opening the theatre, but the judge ruled that such loss was immaterial and excluded the evidence. The defendant excepted. There was conflicting evidence on the question of waiver of performance by both parties. Other evidence is described in the opinion.

At the close of the evidence the defendant asked the judge to rule and instruct the jury as follows:

"14. If the jury find that it would have cost the plaintiff to complete the work more than the unpaid balance of the contract price, the plaintiff cannot recover under the second count of his declaration.

"15. If the defendant did at any time fail to make any payment due the plaintiff under the terms of the contract, the plaintiff waived any right which he might otherwise have had to insist upon such non-payment as an excuse for the non-performance of his part of the contract by continuing to perform his work and insisting upon the right to complete his contract."

The judge refused to make either of these rulings. The jury found for the plaintiff both on his declaration and on the defendant's declaration in set-off. The jury made the general and special findings that are stated in the opinion; and the defendant alleged exceptions, which are there described.

The case was submitted on briefs.

*J. W. Pickering,* for the defendant.

*F. P. Garland & A. G. Gould,* for the plaintiff.

DE COURCY, J. The parties entered into a written contract, dated January 25, 1912, by which the plaintiff agreed to furnish and install all the metal work (except the structural metal work) for the defendant's theatre, as set forth in the plans and specifications, for the sum of $8,825. On June 3, 1912, the defendant gave to the plaintiff a notice (which is not set out in the record) in accordance with section III of the contract, and on the expiration of ten days provided other workmen and materials and completed the work. At the trial of this action for breach of the contract the evidence for the plaintiff on every material issue apparently was contradicted. But as the verdict was in his favor, it is enough to

say that on his testimony it could be found that he got the material of different kinds as soon as he was given the measurements, made deliveries as soon as the building was ready for them, and was prepared to perform his part of the agreement when ordered away from the building by the defendant.

The jury found for the plaintiff in the sum of $2,387.37, and found for the plaintiff on the defendant's declaration in set-off. They further answered, in reply to questions submitted to them by the presiding judge, that the sum reasonably necessary after June 14, 1912, to complete the work called for by the contract was $5,768; that neither of the parties lived up to the terms of the contract; that the plaintiff acted in good faith in the performance of his part of the agreement; and that they determined the amount of the verdict by deciding that he was entitled to $3,056.87 less $1,100 already received by him on account, together with $430.50 interest.

The defendant's exceptions are to the exclusion of evidence, to the refusal to give two rulings requested, and to certain parts of the judge's charge on the issue of damages. We consider them in that order.

1. The defendant offered to introduce evidence showing the amount of loss occasioned him by the delay in opening the theatre. The contract provided that the plaintiff should "forfeit and pay to" the defendant $50 for each and every week that the work, or the several portions thereof, should remain unfinished after the dates specified therefor; and the defendant, in his declaration in set-off, claimed that amount for twenty weeks, or from February 18, 1912, to the date of the writ. Evidently he tried his case on the assumption that this provision was one for liquidated damages and not a penalty, (see *Kaplan* v. *Gray*, 215 Mass. 269,) and he should be confined to the measure of damages for delay which he had agreed upon in advance. *Morrison* v. *Richardson*, 194 Mass. 370. But, even if there were error in excluding this evidence on the question of damages, it was made immaterial by the finding that there was no liability on the defendant's declaration in set-off. *Ducharme* v. *Holyoke Street Railway*, 203 Mass. 384. *Cotter* v. *Nathan & Hurst Co.* 222 Mass. 433.

2. We do not find it necessary to consider the fourteenth ruling requested, in view of the finding of the jury that the cost of completing the work was less than the unpaid balance of the con-

tract price; which rendered the request immaterial. *McIntosh* v. *Hastings,* 156 Mass. 344.

3. The fifteenth request was not applicable to the evidence. We do not understand that the plaintiff excused any failure to perform his contract on the ground of the non-payment of money due to him, or that he admitted non-performance. In any event, the question of waiver of his rights was for the jury.

4. On the special findings of the jury it must be taken that the defendant wrongfully prevented the plaintiff from completing his work. That would justify the verdict in favor of the plaintiff for the contract price less the reasonable cost of completing the work by the defendant, if nothing further appeared. The jury also found, however, that the plaintiff did not live up to the terms of his contract; but they found that he acted in good faith in the performance of his part. It is stated in the record that "there was conflicting evidence on the question of waiver of performance by both parties." It is to be presumed, in view of the general verdict for the plaintiff, that the jury found either that the breach by the plaintiff was not substantial, or that it was waived by the defendant. It follows that the exceptions do not show that the defendant was aggrieved by the portions of the charge excepted to. *Rowley* v. *Ray,* 139 Mass. 241, 244. *Phillips* v. *Chase,* 203 Mass. 556.

*Exceptions overruled.*