## EMILIO CEREGHINO *vs.* ELIZABETH GIANNONE.

Suffolk.     November 16, 1923. — January 4, 1924.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Will,* Validity.     *Practice, Civil,* Conduct of trial: requests, rulings and instructions, charge to jury; Exceptions.     *Evidence,* Presumptions and burden of proof.

A request for a ruling or instruction, at the trial of an issue framed by the Probate Court upon a petition for the allowance of a will, must be denied if it is based upon an assumption of facts as to the existence of which there was no evidence.

At the trial of an issue, whether the execution of a will was procured through fraud or undue influence of certain designated persons, the burden of proof is on the respondent to prove undue influence affirmatively; and therefore it is proper to refuse a request for a ruling that a " discrepancy between the fixed purpose of the testator, expressed in his declared intentions, and the provisions of a will which are favorable to those in close relation to him at the time of its execution, and who have opportunity unduly to influence him, casts upon the beneficiary the burden of showing that the will was not the product of undue influence."

At the trial of an issue, whether the execution of a will was procured through fraud or undue influence of certain designated persons, it is necessary for the respondent to prove fraud and undue influence not merely by evidence but by a fair preponderance of the evidence, and therefore it is proper to refuse a request for a ruling that " Direct proof of fraud and undue influence is not required; all that is necessary to establish these issues is that there be affirmative evidence of facts and circumstances from which their existence and exercise may be reasonably inferred."

An exception to a refusal to give to a jury a pertinent and proper instruction will not be sustained where it appears that the jury were instructed on the subject matter of the request fully and accurately, although not in the exact words of the request.

At the trial of an issue, whether a will was procured to be signed and executed through fraud or undue influence of certain designated persons, it was error to instruct the jury as follows:   " It [the fraud or undue influence] must be proved by circumstances brought together from which no reasonable inference can be drawn other than that the person whose will is in question has been unduly influenced by another so that his will does not express his judgment but his will has been overcome against his judgment," such instruction being in effect that in order to prevail the contestant must maintain the burden of proving such fraud or undue influence beyond a reasonable doubt.

Following the erroneous instruction above described, the judge charged the jury as follows: " You have got to prove enough by way of fact so that a

reasonable inference that the will of the person has been overcome is properly drawn from the testimony, . . . I want to say and make more emphatic of what you must be satisfied, — that by a fair preponderance of all the evidence, . . . you must be satisfied . . . that such a will could not be the result of his free and uncontrolled action." *Held,* that the error in giving the incorrect instruction was cured when the charge was taken in its entirety.

Exceptions, saved at the trial of an issue, whether a will was procured to be executed through fraud or undue influence of certain designated persons, to portions of the charge to the jury wherein they were instructed in substance that the opportunity to exercise influence was not of itself sufficient to sustain the contestant's contentions, that the declarations of the alleged testator were admitted only to produce or reproduce à mental picture of the man, and that in order for the contestant to prevail the jury must be satisfied that such a will as that which was offered for probate was not the result of the free and uncontrolled action of the alleged testator, were overruled.

At the trial of the issue above described, the judge instructed the jury as follows: "It would of course be an outrage to his [the alleged testator's] memory if a will which he intended to have carried out for the disposition of his property should be lightly set aside . . . . On the other hand, I want to point out to you again, it would be equally a fraud upon him if he made this will under the influence, undue influence, of any one of these three persons or all of them . . . ." *Held,* that, taking the charge as a whole, the above instruction could not be regarded as an attempt to impress upon the jury that the trial judge desired that the will should not be set aside.

An exception to a charge to a jury in its entirety must be overruled.

PETITION, filed in the Probate Court for the county of Suffolk on September 6, 1921, for the proof of the will of Agostino B. Dondero, late of Boston.

In the Probate Court the petition was opposed by Elizabeth Giannone and on her motion issues were framed for trial by jury in the Superior Court, only the second of which finally was relied on by her, namely, whether the execution of the will was procured by fraud or undue influence of Angelo Pensa, Angela Pensa, sometimes called Angelina Pensa, and Emilio Cereghino, or of any of them.

In the Superior Court, the issue was tried before *Weed,* J. Material evidence is described in the opinion. At the close of the evidence, the respondent asked for the following rulings:

" 1. The amount of influence necessary to dominate a mind impaired by age or disease is obviously less than that required to control a strong mind.

" 2. A discrepancy between the fixed purpose of the testator, expressed in his declared intentions, and the provisions of a will which are favorable to those in close relation to him at the time of its execution, and who have opportunity to unduly influence him, casts upon the beneficiary the burden of showing that the will was not the product of undue influence.

" 3. Direct proof of fraud and undue influence is not required; all that is necessary to establish these issues is that there be affirmative evidence of facts and circumstances from which their existence and exercise may be reasonably inferred.

" 4. Direct evidence of fraud or undue influence is rarely obtainable and the issues are generally determined by inferences drawn from a large number of facts and circumstances, no one of which is of great weight and conclusive when considered alone but is of some weight when combined with other facts.

" 5. Secrecy in the execution of the will and suppression by the beneficiaries of the fact of its existence or the fact that the testator lived with the beneficiary, the presence or absence of the person alleged to have exercised the undue influence at the execution of the will, are proper facts to be considered in connection with other circumstances of the case.

" 6. Undue influence may be deemed established when there is evidence that the testator's mind has been impaired or weakened by age or disease and the will is inconsistent with a prior intent expressed in his declarations or combined with evidence of an unnatural disposition."

The third and fourth requests were granted in substance; the other were refused. Material portions of the charge to the jury are described in the opinion. At the close of the charge, the respondent excepted " to the instruction of the court that there must be circumstances from which no reasonable inference could be drawn but that the will was drawn against the judgment of the deceased." She also saved three exceptions to the charge, which, in the opinion, are denominated the eighth, ninth, and tenth exceptions, and were: (8) " to the instruction of the court that the

opportunity to exercise influence is not of itself sufficient. This exception is taken because of the failure of the court to indicate to the jury that this is a matter to be considered by them in connection with other matters;" (9) "to the instruction of the court that the declarations of the deceased are only to produce or reproduce a mental picture of the man;" and (10) "to the instruction that the jury must be satisfied that such a will was not the result of the free and uncontrolled action of Dondero, that they must be satisfied of that."

The respondent also excepted " to the instruction of the court that it would be an outrage if a will were lightly set aside, on the ground that this places a disproportionate emphasis upon one aspect only of the case;" and " to the charge in its entirety."

*H. W. Packer,* for the respondent.

*C. H. Frost,* (*A. L. Doggett* with him,) for the petitioner.

CROSBY, J.    This case is before us on exceptions taken at a trial in the Superior Court of an issue framed by the Probate Court respecting the allowance of an instrument offered for probate as the last will of Agostino B. Dondero. The issue was whether the alleged will was " procured to be made by the fraud or undue influence of Angelo Pensa, Angela Pensa sometimes called Angelina Pensa and Emilio Cereghino or any of them exercised upon the said Agostino B. Dondero." The jury found for the proponent. The appellant's exceptions are to the refusal of the presiding judge to give certain rulings requested, to certain parts of his charge, and to the charge in its entirety. They will be considered in that order.

1. The first request was properly refused: it assumed as a fact that the testator's mind was impaired by age or disease which was not shown to exist; on the other hand there was much evidence to the contrary.    *Beckles* v. *Boston Elevated Railway,* 214 Mass. 311, 313.

2. The burden of proof was on the contestant to prove affirmatively undue influence; accordingly, the second request was rightly refused.

3. The third request was properly refused as it was neces-

sary to prove fraud and undue influence not merely by evidence but by a fair preponderance of the evidence. *Boston Safe Deposit & Trust Co.* v. *Bacon,* 229 Mass. 585, 591.

4. As to the fourth request, the trial judge fully and accurately instructed the jury respecting circumstantial evidence, its weight and effect.

5. The fifth request could not properly have been given as it assumes facts which were not shown to exist. There was no evidence to show secrecy in the execution of the will or suppression by the beneficiaries of its existence. *Millen* v. *Gulesian,* 229 Mass. 27. *Duart* v. *Simmons,* 231 Mass. 313, 321.

6. The refusal to give the sixth request was not error. There was no evidence that the testator's mind was impaired or weakened by age or disease at the time the will was executed, nor that he made an unnatural disposition of his property. Besides, if this request had been given, the jury could have found that undue influence had been established, if there was any evidence however slight which tended to prove such influence.

7. The judge, in referring to undue influence instructed the jury: " It must be proved by circumstances brought together from which no reasonable inference can be drawn other than that the person whose will is in question has been unduly influenced by another so that his will does not express his judgment but his will has been overcome against his judgment." The instruction, in effect, was that in order to prevail the burden rested upon the contestant to prove beyond a reasonable doubt that the testator was unduly influenced in the making of his will. This was error. Manifestly the degree of proof required to establish the contestant's contention was the same as exists in civil cases generally, namely, proof by a fair preponderance of the evidence. *Grella* v. *Lewis Wharf Co.* 211 Mass. 54. It seems plain however that the error was afterwards corrected by the judge, when he said to the jury: " You have got to prove enough by way of fact so that a reasonable inference that the will of the person has been overcome is properly drawn from the testimony." Later, as his final instruction

respecting the burden of proof, he said: " I want to say before I close my instructions to you, I want to say and make more emphatic of what you must be satisfied, — that by a fair preponderance of all the evidence, because in this case and on these questions the contestant of this will has the burden of satisfying you, you must be satisfied by a comparison of this will in all its provisions, and under all the influences which surrounded Mr. Dondero at the time of its making, that such a will could not be the result of his free and uncontrolled action . . . ." We are of opinion that taking this charge in its entirety the jury could not have been misled as to the degree of proof resting on the contestant to enable her to prevail. *Dewey* v. *Boston Elevated Railway,* 217 Mass. 599, 604. *Boston Safe Deposit & Trust Co.* v. *Bacon, supra. Cronin* v. *Boston Elevated Railway,* 233 Mass. 243, 246.

8. The eighth, ninth and tenth exceptions to the charge need not be considered in detail. They cannot be sustained. The statements of the law which were the subject of these exceptions were correct and were appropriate to the issue to be determined.

9. In the course of the charge the jury were told that, " It would of course be an outrage to his [the testator's] memory if a will which he intended to have carried out for the disposition of his property should be lightly set aside. . . . On the other hand I want to point out to you again it would be equally a fraud upon him if he made this will under the influence, undue influence, of any one of these three persons or all of them . . . ." Taking the charge as a whole it cannot be regarded as an attempt to impress the jury that the trial judge desired the will should not be set aside, as the contestant argues. The instructions above quoted would seem to be equally emphatic and fair to both parties, and are not subject to exception.

10. The exception to the charge in its entirety must be overruled. It is well settled that an exception to an entire charge does not lie. *Curry* v. *Porter,* 125 Mass. 94. *Gibney* v. *Everson,* 192 Mass. 228.

*Exceptions overruled.*