Zottoli, J.
The plaintiff seeks to recover for personal injuries and property damage alleged to have been received by him in a collision of his automobile with that of the defendant. The trial judge denied eight of the defendant’s requests for rulings and findings of fact, and found gen *88 erally for the plaintiff. The defendant, in his brief and in his argument before this division, contends that the Court as matter of law should have ruled that, (1) the plaintiff was contribuíorily negligent; (2) that the plaintiff’s automobile was illegally registered, and (3) that the court erred in its requests numbered 2, 3 and 8. We deem all other contentions of the defendant as having been waived. Guinan v. Famous Players-Lasky Corp., 267 Mass. 501.
At the outset it is to be noted that the defendant has commingled his requests for rulings of law and findings of fact. This has been held to be poor practice, which might defeat an appeal, as “it is no part of the court’s duty to separate requests for findings of fact from requests for rulings of law”. Mitchell Lucas Motor Co. v. Town Taxi Inc., No. 10963 of 1919, Municipal Court of the City of Boston, (14 App. Div. 84), Brown v. Collier, No. 224372, Municipal Court of the City of Boston (34 App. Div. 83). Moreover, the defendant’s requests, #3 and #4, appear to be inconsistent with each other. No. 3 in substance asks the court to rule that the evidence permits a finding of illegal registration of the plaintiff’s car; while No. 4 requests the court to rule that the plaintiff’s car was illegally registered. This division has decided that “if a párty asks that two inconsistent rulings govern determination of his case, the judge may decline to make the selection which the party should have made, and may refuse both”. Hahn et al. v. Sumner, #173659 of 1929, Municipal Court of the City of Boston (31 App. Div. 292, 303) cf. Hetherington & Sons v. Wm. Firth Co., 210 Mass. 8, 19. But, as the court has reported the defendant’s contentions,, we will review them. The defendant’s first contention is not sound. The evidence reported shows that the alleged collision took place at the intersection of two highways. The testimony of the parties and their witnesses is highly con *89 flicting. Taking the evidence on this issue in its view most favorable to the plaintiff, Royle v. Worcester Buick Co., 243 Mass. 143, 145, Winchester v. Erickson, 281 Mass. 210, 212, Dillon v. Town of Framingham, 288 Mass. 511, 513, the.court could find that the accident happened on July 8, 1937, at about 5:30 P. M., at the intersection of Main and Lumber Streets, Hopkinton; that Main Street is about thirty feet wide; that the plaintiff was operating his .car in an easterly direction on Main Street; that when his automobile reached the intersection in question, it was travelling about ten to fifteen miles an hour; that as the front wheels of his automobile reached the said intersection he looked both ways and saw the defendant’s automobile approaching from his left on Lumber Street and at a distance of forty feet from the intersection; that, the plaintiff had no opinion of the speed of the defendant’s automobile in miles per hour, but that the plaintiff, after observing the defendant’s motor vehicle, formed the opinion that it was proceeding at a much faster rate of speed than his own automobile and that it was safe for the plaintiff to proceed across the intersection; that the plaintiff continued into the intersection at ten to fifteen miles per hour; that when he proceeded fifteen feet into the intersection, the defendant’s automobile struck the. plaintiff’s automobile on its left front side and pushed it five to eight feet into the corner of the intersection; that the defendant’s automobile had proceeded a distance of eighteen feet into the intersection when the collision occurred; that the plaintiff’s automobile was traveling about fifteen miles per hour at the point of the collision and that after the accident there were skid marks leading up to the rear wheels of the defendant’s automobile for a distance of twenty feet starting at a point on the. roadway before the beginning of the intersection. On this evidence the court would be warranted in *90 finding that even though the plaintiff had erred in his judgment as to the speed and position of the defendant’s automobile in approaching and crossing the intersection, yet the error of judgment did not amount to contributory negligence. Ordinarily, whether a person is guilty of contributory negligence in a given case involving the exercise of judgment presents a question of fact. cf. McCrohan v. Davidson, 187 Mass. 466, 467; Kaminski v. Fornier, 235 Mass. 51, 54; Bogert v. Corcoran, 260 Mass. 206.
The court could also find that the plaintiff had the right of way. Gen. Laws (Ter. Ed.) Ch. 89, §8; Fornier v Zinn, 257 Mass. 575, 578; Turner v. Berkshire St. Ry. Co., A. S. (1935) 2319, 2321. Furthermore, the plaintiff had the benefit of the presumption of due care created by the Act of 1914, Ch. 553, see. 1. Now G. L. (Ter. Ed.) Ch. 231, §85a; Duggan v. Bay State St. Ry. Co., 230 Mass. 370. Where collisions occur at intersecting streets, usually the questions whether a plaintiff looked before he crossed, as he ought to have looked, and as late as he should have looked, and whether he was justified in proceeding as he did in crossing the intersection, are questions of fact. Hamel v. Sweat, 256 Mass. 581, 582; Fornier v. Zinn, 257 Mass. 575, 577; Payson v. Checker Taxi, 262 Mass. 22, 26; Bresnick v. Heath, Mass. A. S. (1935) 2297, 2300. We think it is clear on the evidence reported that the issue relating to the plaintiff’s due care was one of fact and that there was no error in the court’s so treating it.
Nor was there error in the court’s refusal to rule that the plaintiff’s automobile was illegally registered. The evidence bearing on this issue is reported as follows:
“At the time of the accident (July 8, 1937) the plaintiff was resident in Natick; that in his application for registration of the automobile involved in the collision his residence was given as West Upton; that the registra *91 tion gave no other residence than West Upton; that the plaintiff had lived in West Upton for part of March, 1937, but in the latter part of that month he had moved to Natick; that the automobile had been registered on March 20,1937”. The burden of establishing the defence that the plaintiff’s motor vehicle was being operated upon the highway in violation of Gen. Laws, (Ter. Ed.) Ch. 90, §2, respecting registration rested upon the defendant. Brewer v. Hayes, 285 Mass. 144; Kzcowski v. Johnowicz, 287 Mass. 441, 445, MacInnes v. Morrissey, A. S. Mass. (1937) 1559. On the evidence reported, it cannot be ruled that the defendant has shown the plaintiff was not a-resident of West Upton at the time he applied for registration, when he-gave his address as West Upton, or when the certificate of registration issued. There is evidence from which the court- could infer that the plaintiff lived at West Upton at the time he presented his application for registration, and when his car was registered. The drawing of such an inference amounts to a finding ■ of facts which when supported by evidence is not the subject of legal review. Commercial Credit Corp. v. Commonwealth Mtge. & Loan Co. Inc., 276 Mass. 335, 340. The defendant now argues that because “the registration application gave the plaintiff’s residence as West Upton but at the time of collision the residence was actually in Natick” — the automobile was illegally registered at the time of the accident. In short his contention is that the application for, and the certificate of, registration should have borne the new address of the plaintiff, and because they failed to do so, the plaintiff’s vehicle was illegally registered and therefore an “outlaw” upon the highway.
We do not believe this contention is sound. Gen. Laws (Ter. Ed.) Ch. 90, §2, requires that both the application and the certificate of registration shall contain “the name, *92 place of residence and address of the applicant”. It has been decided that the statute “puts each of these three mandates on the same footing”. Crean v. Boston Elevated Ry., Mass. A. S. (1935) 2233, 2234, Brodmerkle v. Gorolsky, Mass. A. S. (1936) 529, 530.
Conceding that non-compliance with any of these requirements of the application and registration may render the registration illegal, Bacon v. Boston Elevated Railway, 256 Mass. 30, DiCecca v. Bucci, 278 Mass. 15, Ricker v. Boston Elevated Ry., 290 Mass. 111, 113, but see Act of 1934 Ch. 361 sec. 9, it does not follow that one who has properly registered must re-register upon moving from the address first given in his application for registration, upon penalty of becoming “an outlaw” “upon the highway,” in the event of his not so doing. It has been decided that an unmarried woman who properly registers an automobile in her maiden name is not required upon her marriage to re-register her vehicle. Mussman v. Broderick, 271 Mass. 404, and see Churchill v. Boston Elevated Railway Company, No. 23348 of 1924 Municipal Court of the City of Boston, (21 App. Div. 87), where the underlying principles are discussed and authorities cited at considerable length. Registration of a motor vehicle is, in effect, a license of a vehicle to be on the public ways of our Commonwealth. Our statutes referring-to motor vehicles contain several provisions for the termination or recall of a registration properly granted. It evidently was the intention of the Legislature that registration should expire only by a transfer of ownership during the period for which the certificate of registration was. granted, and should be revoked only in the manner and for the causes authorized by its mandates. No statute or rule specifically requires re-registration upon change of residence within the period of registration. A license should! not be subjected to the uncertainties that constantly would *93 arise if unauthorized limitations and conditions were subsequently. to be read into the license by what has sometimes been called/1 judicial legislation.” The registration granted, the. plaintiff contained, no requirements that, .upon his change of .address, he should re-register, nor di.d any governmental agent having power so to do, make any rule or regulation to that effect. The registration having been properly issued was valid unless and until revoked by proper authority. No statute provided that registration would become unlawful, ineffectual or void, if a person who properly registered did not afterward report a change of address, nor did the terms of any statute require that a person who properly registers should re-register upon his change of address. The Legislature, in enacting Gr. L., Oh. 90, § 2, requiring that the number of identifying data therein stated be set out in the application probably had in mind that one or more identifying circumstances might be lost after proper registration. Had the Legislature intended to compel a registrant, on penalty of forfeiture to report any change in the facts furnished in the application it could have readily provided for it. The absence of such provision in the law tends to indicate that the Legislature had no intention of putting a vehicle “outside the pale of travelers” because its owner, without fraud or deceit failed to report a change of address. All that need further be said with reference to the defendant’s alleged grievances with the trial court’s treatment of his requests numbered 2, 3 and 8 is that it appears the court found “as a fact that the plaintiff was in the exercise of due care and was not negligent and that the injury and damages sustained by the plaintiff was caused solely by the negligence of the defendant,” and that “the automobile of the plaintiff was legally registered at the time of the accident.” It is evident that the court passed on the weight and credibility of the testimony in ar *94 riving at its findings and that in view of the findings these requests became immaterial and therefore their denial was not prejudicial. McIntosh v. Hastings, 156 Mass. 344, Millen v. Gulesian, 229 Mass. 27, 30, Bresnick v. Heath, Mass. A. S. (1935) 2297, 2301. As no error appears, the order is—
Report dismissed.