ALEXANDER B. McKECHNIE, administrator, *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    March 6, 1916. — May 15, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Negligence,* Street railway, In use of highway.    *Practice, Civil,* Conduct of trial: withdrawal by judge of erroneous instruction.

In an action under St. 1906, c. 463, Part I, § 63, by an administrator against a corporation operating a street railway for causing the death of the plaintiff's intestate by reason of a collision of a car of the defendant with a bicycle which the intestate was riding, the presiding judge in the course of his charge, alluding to the conduct of the intestate, said, "If, as he came out of P Street, from any reason — his inexperience, perhaps, — for something that we know nothing about, — if he lost temporarily the control of that machine, and if before he

gained it he found himself right in front of this car, so that he could not control it, you would be justified in finding that he was not in the exercise of due care, and it is important that he should be in the exercise of due care in order to recover." There was evidence to which this instruction was applicable. *Held,* that the instruction gave the plaintiff no ground for exception.

In the same case there was some evidence that the plaintiff's intestate in his manner of turning the corner from one street into another was violating a street traffic regulation, and the judge in instructing the jury in regard to this matter said, "Whether the boy knew the traffic regulation or not is of no consequence." *Held,* that this instruction in the connection in which it was used was not erroneous.

At the trial of the same case the judge in his charge in commenting on a statement previously made in writing by one of the plaintiff's witnesses, which had been used in the cross-examination of the witness for the purpose of contradicting him, spoke of it as if it were affirmative probative evidence, whereas the only use that properly could be made of the statement was in contradiction of the witness's testimony for the purpose of impeaching its credit. When the judge's attention was called to this matter at the close of his charge, he instructed the jury as to this and two or three other statements of a similar character, that they were "competent to be considered merely as tending to contradict, if they do contradict, what those different witnesses testified to, and go to affect the credibility" of those witnesses, and were not to be considered in any other way. *Held,* that the erroneous instruction was withdrawn by the judge and thereby cured, and therefore afforded no ground for exception.

RUGG, C. J.  This is an action under St. 1906, c. 463, Part I, § 63, to recover for the death of James B. McKechnie, the plaintiff's intestate, who hereafter will be referred to as the plaintiff. The mortal injuries were received through a collision between a bicycle ridden by the plaintiff and a car of the defendant. The plaintiff came down "quite an incline" on Parker Street to its intersection with Tremont Street in Boston. The view of one coming from that direction was cut off by a wall and fence until Tremont Street was almost reached. As the plaintiff approached Tremont Street a car was coming from his right and he turned to his left and the collision occurred within a short distance with a car approaching from that direction. The jury returned a verdict for the defendant, and the case comes here on exceptions by the plaintiff to parts of the charge.*

1.  The judge said in the course of his charge, alluding to the conduct of the plaintiff, "If, as he came out of Parker Street, from any reason — his inexperience, perhaps, — for something that we know nothing about, — if he lost temporarily the control of that machine, and if before he gained it he found himself right in front

---

* Of *Pratt,* J.

of this car, so that he could not control it, you would be justified in finding that he was not in the exercise of due care, and it is important that he should be in the exercise of due care in order to recover." There was evidence to which this instruction was applicable and it is not open to exception. The burden was upon the plaintiff to show that he was in the exercise of due care. There is nothing in *Robinson* v. *Springfield Street Railway*, 211 Mass. 483, and like cases, at all at variance with the instruction given.

2. There was some evidence of violation of a street traffic regulation by the plaintiff, relative to his turning the corner from one street into the other. The instruction, "Whether the boy knew the traffic regulation or not is of no consequence," in that connection was not erroneous. *Haven* v. *Foster*, 9 Pick. 112, 129. *Commonwealth* v. *Mixer*, 207 Mass. 141. *Upton* v. *Tribilcock*, 91 U. S. 45, 50–51.

3. One Langille, called as a witness by the plaintiff, had testified as to the way in which the plaintiff was riding just before the collision. On cross-examination his attention was called to a statement made by him on the day of the accident, in which among other things he had said respecting the plaintiff, "When he turned the corner, he looked as though he was going to fall from the bicycle." The plaintiff's counsel in his argument to the jury said that the statement of Langille read by the defendant, "in no way contradicted his testimony; that it agreed to a dot with his testimony on the witness stand." The judge in his charge commented on this argument and upon the sentence from the statement of the witness above quoted, as if it were affirmative probative evidence. This was open to objection, for the only use which could be made of the statement was to contradict the testimony. But when the judge's attention at the close of the charge was called to the matter, he directed the jury, as to two or three statements of a similar character, to one or two of which he had referred in his charge, that they were "competent to be considered merely as tending to contradict, if they do contradict, what those different witnesses testified to, and go to affect the credibility" of those witnesses, and were not to be considered in any other way. This was enough to cure the erroneous instruction and affords no ground for exception. It was in effect a withdrawal of what had been said in that connection. *Todd* v. *Boston Elevated Rail-*

*way,* 208 Mass. 505.  *Lang* v. *Boston Elevated Railway,* 211 Mass. 492.

*Exceptions overruled.*

*E. V. Grabill,* for the plaintiff.

*F. Ranney, (D. P. Ranney* with him,) for the defendant.