CLORINTHE N. HAMEL *vs.* GEORGE W. SWEATT.

Hampden.    May 24, 1926. — June 30, 1926.

Present: BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence*, Contributory, In use of highway, Bicycle.

At the trial of an action of tort, brought against the driver of an auto-
mobile by a girl, thirteen and one half years of age, for personal in-
juries received when a bicycle which she was riding came into collision
with the automobile of the defendant at the intersection of two streets
in a city, the plaintiff testified that a boy was on the bar of the frame
in front of her holding to the handle bars; that "she was not going very
fast"; that as she approached the intersection of the streets she looked
both ways, saw the defendant's automobile, and started to cross the
street the defendant was on; that she looked again and "turned in to the
left as quick as she could, because she was afraid if she went on she
would get killed"; that the defendant's automobile was moving rapidly,
and that the rear mudguard hit the bicycle and the plaintiff was thrown
against the curbing. *Held*, that
    (1) The fact that a boy was riding on the handle bars of the bicycle
did not as a matter of law require a finding that the plaintiff was not in
the exercise of due care;
    (2) The questions of the due care of the plaintiff and of the negligence
of the defendant were for the jury.

TORT for personal injuries.    Writ dated March 2, 1923.

In the Superior Court, the action was tried before *Burns*, J.
Material evidence is described in the opinion.    At the close
of the evidence, the defendant moved that a verdict be
ordered in his favor.    The motion was denied.    There was
a verdict for the plaintiff in the sum of $2,300.    The de-
fendant alleged exceptions.

---

The case was submitted on briefs.

*J. L. Gray,* for the defendant.

*S. Adams,* for the plaintiff.

CARROLL, J.   The plaintiff was injured, because of the collision of the bicycle she was riding with the defendant's automobile, at the corner of Oak Street and Lillian Street, in Springfield.   She testified that she was "thirteen and one half years old" at the time of the accident; that "she was not going very fast and rode in the direction of Oak street"; that as she approached this street she looked on both sides and saw the defendant's automobile; that "She started to cross over Oak Street," and thought she could; that she looked again and "turned in to the left as quick as she could, because she was afraid if she went on she would get killed"; that the defendant's automobile was moving rapidly; that the rear mudguard hit the bicycle and she was thrown off the bicycle against the curbing.   She further testified that a boy was on the bar of the frame in front of her, holding on to the handle bars.   There was a verdict for the plaintiff in the Superior Court.

The defendant contends that the judge should have ruled that the plaintiff was guilty of contributory negligence. When a collision of vehicles takes place at the corner of two streets, as in the case at bar, the rule which is relevant when a collision occurs at the intersection of two streets is applicable.   In such circumstances the due care of the plaintiff and the negligence of the defendant are generally questions of fact for the jury.   There was evidence of care on the part of the plaintiff, and it could not be ruled as matter of law that she was careless; the question was for the jury. *McKechnie* v. *Boston Elevated Railway,* 224 Mass. 36.   *Salisbury* v. *Boston Elevated Railway,* 239 Mass. 430.   *Dillon* v. *Plimpton,* 239 Mass. 588.   *Daris* v. *Middlesex & Boston Street Railway,* 241 Mass. 580, 582.   *Barnett* v. *Boston Elevated Railway,* 244 Mass. 418.   *Pitman & Brown Co.* v. *Eastern Massachusetts Street Railway,* 255 Mass. 292.

The facts in *Pigeon* v. *Massachusetts Northeastern Street Railway,* 230 Mass. 392, and *Fitzpatrick* v. *Boston Elevated Railway,* 249 Mass. 140, distinguish them from the case be-

fore us.   In those cases there was no evidence for the jury showing care on the part of the plaintiff.

The fact that a boy was riding on the bicycle is not conclusive that the plaintiff was lacking in care, or that she failed properly to control the bicycle.   This fact was to be considered in connection with all the other circumstances, but it does not show that the plaintiff was careless as matter of law.   Nor does the size of the bicycle prevent the plaintiff from recovering: she testified she was able "to reach the pedals easily. . . . She did not have to turn in her saddle. She did not allow her foot to leave the pedal and then catch it again as it came around in a higher position."   Her age, with all the evidence, was for the consideration of the jury. *Hayes* v. *Norcross,* 162 Mass. 546.

*Exceptions overruled.*