Edward A. McMillin *vs.* A. L. Cantrall.

Berkshire.     September 21, 1926. — September 22, 1926.

Present: Rugg, C.J., Crosby, Carroll, Wait, & Sanderson, JJ.

*Negligence,* Motor vehicle, In use of highway.

At the trial of an action of tort for damages resulting from a collision of automobiles at the intersection of two public ways at right angles, where the view of drivers of vehicles approaching on both ways was obstructed, it is proper to submit to the jury the questions, whether the driver of the plaintiff's automobile was guilty of contributory negligence and whether the driver of the defendant's automobile was negligent, where the defendant admits that he was approaching the intersection at a rate of speed exceeding that permitted by the statute, and there is evidence that the horn of the defendant's automobile was not blown and that that of the plaintiff's was blown, and that the plaintiff's automobile was driven toward the intersection with care and was stopped at a point which left ample space for the defendant's automobile to pass it without a collision.

Tort.   Writ dated August 19, 1920.

In the Superior Court, the action was tried before *Burns,* J. Material evidence is stated in the opinion.   A motion by the defendant that a verdict be ordered in his favor was denied. There was a verdict for the plaintiff in the sum of $900. The defendant alleged exceptions.

*M. E. Couch,* for the defendant.

*J. E. Magenis,* for the plaintiff.

By the Court.   This is an action of tort to recover compensation for damages arising from a collision of the automobile of the defendant with that of the plaintiff at the intersection of Chestnut Street and Ashland Street in North Adams, crossing each other substantially at right angles. There was evidence to the effect that the automobile of the plaintiff, having started shortly before and being in second gear and on Chestnut Street, approached the intersection at a rate of speed not exceeding eight to ten miles an hour; that the horn was blown forty or fifty feet before reaching the intersection; that after getting on the crosswalk the

plaintiff's chauffeur first saw and was able to see the defend-
ant's automobile, which was then one hundred feet away on
Ashland Street travelling at the rate of twenty-five or thirty
miles an hour, and that he stopped his automobile within a
very few feet, estimated at about eleven feet, within the
space at the intersection of the streets; that the view of the
driver of each automobile was obstructed and neither could
see an automobile coming on the other street until the inter-
section was nearly reached; that the driver of the defendant's
automobile did not blow his horn on approaching the inter-
section and did not slacken his speed, and ran into the front
part of the plaintiff's automobile then standing still, al-
though there was ample space to avoid it by passing in front
of it. There was no other traffic at the place at the time.
The defendant conceded that he was exceeding the rate of
speed permitted by the statute under the conditions which
existed. Manifestly the case rightly was submitted to the
jury and it could not have been ruled as matter of law that
the plaintiff and his chauffeur were guilty of contributory
negligence. G. L. c. 89, § 8.

*Exceptions overruled.*