HOWARD L. PAYSON *vs.* CHECKER TAXI COMPANY.

Suffolk. November 18, 1927.— January 4, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Negligence,* Contributory, Motor vehicle, In use of highway. *Practice, Civil,* Requests, rulings and instructions.

At the trial of an action of tort for personal injuries by the driver of a motorcycle against a corporation owning and operating a taxicab, there was evidence that the plaintiff approached the intersection of two streets forty feet wide at the rate of fifteen miles per hour; that when about fifty feet from the intersection he reduced speed to the rate of eight miles per hour; that he saw the taxicab approaching from his right at the rate of about thirty-five miles per hour and then about two hundred feet from the intersection; that, believing that the taxicab would slow down and that he could cross in safety, he proceeded to traverse the intersection of the streets in the same line in which he had approached, and, when about five feet from completing the crossing, his motorcycle was struck in its center or back part by the right front wheel of the taxicab and after the collision the taxicab proceeded about twenty-five feet before stopping; that, as the plaintiff approached the intersection, he was nearer to it than was the taxicab and reached it

first. The jury were given general instructions as to the duty of the plaintiff to exercise the care of a reasonably prudent and careful person in approaching and crossing the intersection of the streets, and they were told that if his failure to exercise that care was a contributing cause of the accident he could not recover. *Held*, that

(1) It was proper to refuse to rule in the following terms: "If the plaintiff upon reaching the intersection . . . saw an automobile two hundred feet away on . . . [the street intersecting that on which he was] and approaching him on a down grade at the rate of thirty-five miles per hour, such a rate of speed being *prima facie* illegal, plaintiff is bound to observe the danger of a collision and must exercise reasonable care to avoid it and failure to use such care in observing and avoiding such danger makes the plaintiff guilty of contributory negligence and prevents him from recovery against the defendant";

(2) There was evidence that the driver of the taxicab was negligent;

(3) It could not properly have been ruled as a matter of law that the plaintiff was guilty of contributory negligence: that question was for the jury.

TORT for personal injuries and damage to a motorcycle. Writ dated August 18, 1924.

In the Superior Court, the action was tried before *Macleod*, J. Material evidence and exceptions by the defendant are stated in the opinion. There was a verdict for the plaintiff in the sum of $6,425. The defendant alleged exceptions.

*T. H. Mahony*, for the defendant, submitted a brief.

*R. T. Healey*, for the plaintiff.

SANDERSON, J. This is an action of tort brought by a minor for personal injuries and property damage, resulting from a collision of a motorcycle, owned and operated by him, and a taxicab, owned by the defendant and operated by its employee on its business. The exceptions of the defendant are based upon the refusal of the judge to direct a verdict in its favor and his refusal to give one request for ruling. The exceptions to the charge have not been argued and are treated as waived.

The testimony, taken in its light most favorable to the plaintiff, tended to show that as he was coming along Chandler Street in Boston, ten feet from the curb on his right, the speed of his motorcycle was fifteen miles an hour, which was reduced to eight miles an hour when he was about fifty feet from its intersection with Clarendon Street. Each of the

streets named was forty feet from curb to curb, surfaced with macadam and tar, and the sidewalk of Chandler Street was about eight feet wide. The corner building on the right of the plaintiff was set back eighteen feet from the curb of Clarendon Street and eight feet from the curb of Chandler Street. As he approached Clarendon Street, he looked to the right and left before crossing, and saw the taxicab involved in the accident, about two hundred feet from the intersection of the two streets, being operated at the rate of about thirty-five miles an hour down Clarendon Street, approaching Chandler Street from the plaintiff's right, and moving in a line about five feet from the curb on the driver's right. The plaintiff, believing that the taxicab would slow down and that he could cross in safety, proceeded to traverse the intersection of the streets in the same line in which he had approached. When about five feet from completing the crossing, his motorcycle was struck in its center or back part by the right front wheel of the taxicab. As he approached Clarendon Street he was nearer to the intersection than the taxicab and reached it first. The plaintiff testified that he was familiar with the city ordinance relating to keeping as near the curb as possible, and that he was as near as he thought safe; that operating a motorcycle at the rate of eight miles an hour he could stop in its length; that he did not stop or look again at the taxicab or pay any further attention to it after his first look; that he did not speed up to avoid a collision, figuring that the automobile would slow down; that with the taxicab two hundred feet from the intersection he had the right of way. There was evidence that after the collision the taxicab proceeded about twenty-five feet before stopping. A witness testified that there was nothing to prevent either the plaintiff or the driver of the defendant's car from turning out or stopping.

The request for ruling which was refused was in the following terms: "If the plaintiff upon reaching the intersection of Chandler Street and Clarendon Street saw an automobile 200 feet away on Clarendon Street and approaching him on a down grade at the rate of thirty-five miles per hour such a rate of speed being *prima facie* illegal, plaintiff is bound to

observe the danger of a collision and must exercise reasonable care to avoid it and failure to use such care in observing and avoiding such danger makes the plaintiff guilty of contributory negligence and prevents him from recovery against the defendant."

The requested ruling could not have been given. It assumed as a fact that there was evidence that the plaintiff, when he reached the intersection of Clarendon Street and Chandler Street, saw the defendant's automobile two hundred feet from Chandler Street coming at the rate of thirty-five miles an hour. His testimony was to the effect that when he approached Clarendon Street, and before he crossed, he looked to his right and saw the taxicab approaching at "about" thirty-five miles an hour and that the taxicab was then "about" two hundred feet away from the intersection of the two streets. The part of the request which called upon the trial judge to rule that upon the facts stated the plaintiff was bound to observe the danger of a collision asked for a ruling on a question of fact. It was for the jury to say when all of the evidence was considered whether that danger should have been observed. The request also failed to take into account any facts concerning the speed of the motorcycle and omitted any reference to the plaintiff's right to rely to some extent on the expectation that the driver of the automobile would comply with the law when approaching an intersection of streets. *Sutherland* v. *Caruso*, 258 Mass. 513, 514. The jury were given general instructions as to the duty of the plaintiff to exercise the care of a reasonably prudent and careful person in approaching and crossing the intersection of the streets, and they were told that if his failure to exercise that care was a contributing cause of the accident he could not recover.

It was said, in substance, in *Fournier* v. *Zinn*, 257 Mass. 575, 577, that even if the plaintiff was wrong in his estimate of the speed of the defendant's automobile and drove his car across the intersecting way when he knew the defendant was approaching at a high rate of speed, it was for the jury to determine whether in so doing he used a proper degree of care.

Upon the evidence in the case, considered in the light most favorable to the plaintiff, the jury could have found that the defendant's driver was negligent, and the trial judge could not rightly have ruled that the defendant had established the plaintiff's contributory negligence. The questions, whether he looked as he ought to have looked and as late as he ought to have looked, and whether he was justified in thinking he had time to get across, were for the jury.

The evidence tending to prove that the plaintiff had nearly cleared the cross street before the rear of his motorcycle was struck, and that the speed of the taxicab was not at all diminished before the collision, were circumstances bearing both upon the due care of the plaintiff and negligence of the defendant. *Jeddrey* v. *Boston & Northern Street Railway*, 198 Mass. 232, 235.

*Exceptions overruled.*