WILLIAM E. CUNNINGHAM *vs.* NEW ENGLAND TRANSPORTATION COMPANY.

Suffolk.    May 17, 1929. — May 28, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Negligence,* Motor vehicle, In use of way.    *Law of the Road.*

In an action of tort for property damage alleged to have been caused by negligence of the defendant in a collision between motor vehicles at an intersection of streets, it was proper to refuse to give a ruling, "The operator of a motor vehicle approaching an intersecting way, who grants to a vehicle approaching from his right and arriving at the point of intersection at approximately the same instant that half of the intersection which is a continuance of the right half of the road upon which the other vehicle is travelling, has complied sufficiently with G. L. c. 89, § 8, provided that there was no other traffic at or near said intersection." Following *Fournier* v. *Zinn,* 257 Mass. 575.

TORT.    Writ in the Municipal Court of the City of Boston dated May 11, 1928.

Proceedings in the Municipal Court are stated in the opinion. From an order by the Appellate Division dismissing a report by the trial judge, the plaintiff appealed.

*W. E. Cunningham, pro se.*

*M. G. Gonterman,* for the defendant.

RUGG, C.J.    This is an action of tort for property damage alleged to have been caused by the negligence of the defendant in a collision between motor vehicles which occurred on April 1, 1928, at the corner of Stuart Street and Dartmouth Street, in Boston. A finding was made for the defendant, and the trial judge held that the plaintiff owed the right of way to the defendant, that he did not grant it, and that his failure so to do contributed to the accident.

Thereafter the plaintiff filed a motion for a new trial, and at the hearing upon that motion made this request for ruling: "The operator of a motor vehicle approaching an intersecting way, who grants to a vehicle approaching from his right and

arriving at the point of intersection at approximately the same instant that half of the intersection which is a continuance of the right half of the road upon which the other vehicle is travelling has complied sufficiently with G. L. c. 89, § 8, provided that there was no other traffic at or near said intersection." Respecting this the trial judge stated: "The ruling was founded upon and pertinent to the evidence at the original trial. I refused it. If the statement of law contained therein is correct, it would have materially affected my original finding, and there ought to be a new trial." In the Appellate Division the report was dismissed, and the case comes here by appeal.

If it be assumed in favor of the plaintiff, but without so deciding, that this request, made on the hearing of a motion for a new trial, seasonably raised the question of law, *Ryan* v. *Hickey,* 240 Mass. 46, 47, there was no error in the denial of the request. It did not state the law correctly. The contrary was decided by *Fournier* v. *Zinn,* 257 Mass. 575, where the law of the road in this particular was fully discussed. It need not be here repeated. Succinctly stated, it there was held that the rectangular space common to two streets where they cross each other is the intersection of the two ways, and over that entire space the law of the road as established by the statute prevails. It may be observed that St. 1929, c. 147, approved on March 22 of this year, having been enacted since the present cause of action arose, has no relevancy to the questions here raised. Hence its scope and meaning need not be considered.

*Order dismissing report affirmed.*