LEON BAGDAZURIAN *vs.* JACOB NATHANSON.

CHARLES KEFÈYAN *vs.* SAME.

Suffolk.    December 9, 1929. — December 10, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Negligence*, In use of highway, Motor vehicle.    *Law of the Road.*

This court reaffirmed the principle of law that ordinarily, upon conflicting evidence at the trial of an action of tort for personal injuries and property damage resulting from a collision between automobiles operated by the parties at the intersection of two streets, the questions, whether the plaintiff was guilty of contributory negligence and the defendant was negligent, are for the jury.

There was evidence at the trial of such an action that the accident happened in 1926 at the intersection of two public ways. There was no evidence that the two vehicles reached the point of intersection at approximately the same instant, and the evidence upon the issue, which reached that point first, was conflicting. *Held*, that neither G. L. c. 89, § 8, nor c. 90, § 1, prevented the application of the principle of law above stated.

TWO ACTIONS OF TORT. Writs in the Municipal Court of the Dorchester District of the City of Boston dated March 18, 1927.

Upon removal to the Superior Court, the actions were tried together before *P. J. O'Connell*, J. The first action was for personal injuries sustained by the operator, and the second action for property damage sustained by the owner, of an automobile in a collision between it and an automobile operated by the defendant. There was evidence that the accident happened in 1926 at the intersection of two public streets. There was no evidence that the two vehicles reached the point of intersection at approximately the same instant, and the evidence upon the question, which reached that point first, was conflicting. The judge refused to order a verdict for the defendant in either action. The jury found for the plaintiff in the first action in the sum of $250 and for the plaintiff in the second action in the sum of $200. The defendant alleged exceptions.

The case was submitted on briefs.

*G. F. Garrity & A. Donahue*, for the defendant.

*J. C. Woodman*, for the plaintiffs.

BY THE COURT.    These actions of tort, one for personal injury and the other for property damage, arise out of a collision between motor vehicles at an intersection of two streets.    It would serve no useful purpose to narrate the evidence.    The principles of law governing the rights of parties in such circumstances are well settled and need not be repeated.    Ordinarily in a collision of this nature the due care of the plaintiff and the negligence of the defendant are questions for the jury.    *Hamel* v. *Sweatt*, 256 Mass. 581. *McMillin* v. *Cantrall*, 257 Mass. 103.    *Bogert* v. *Corcoran*, 260 Mass. 206, 209.    *Payson* v. *Checker Taxi Co.* 262 Mass. 22. · There is nothing in the law of the road as established by G. L. c. 89, § 8; c. 90, § 1, which calls for a different result in the case at bar.    *Fournier* v. *Zinn*, 257 Mass. 575. *Cunningham* v. *New England Transportation Co.* 267 Mass. 238.    *Stickel* v. *Cassasa*, 268 Mass. 59.    The judge rightly refused to direct a verdict in favor of the defendant.

*Exceptions overruled.*