MARY E. THIBEAULT *vs.* HERBERT S. POOLE.

JOSEPH H. THIBEAULT *vs.* SAME.

Hampshire.   September 21, 1932. — June 29, 1933.

Present: RUGG, C.J., CROSBY, WAIT, & DONAHUE, JJ.

*Negligence,* Contributory.  *Husband and Wife.  Evidence,* Presumptions and burden of proof.  *Practice, Civil,* Exceptions:  whether error harmful.  *Damages,* In tort.

Where, at the trial of an action by a woman operating an automobile for personal injuries sustained in a collision at an intersection of ways with an automobile driven by the defendant, parts of the testimony of the plaintiff might be thought inconsistent with other parts and with testimony of other witnesses, but in none of her testimony did she finally adhere to a statement upon which she must be found to have been guilty of contributory negligence, the question, whether the plaintiff was guilty of contributory negligence, still was for the jury.

At the trial together of two actions of tort, one by a wife for personal injuries sustained by her by reason of negligence of the defendant, and one by her husband for medical and hospital expenses incurred by him on account of his wife in consequence of her injuries, the question, whether negligence of the wife contributed to her injuries, was an issue, and the trial judge in substance charged the jury that the husband was entitled to recover even though the wife's negligence contributed to the accident.  There were verdicts for both plaintiffs. Upon exceptions by the defendant, it was *held,* that

(1) The husband could not recover compensation for medical and hospital expenses incurred by him on account of his wife in conse-

quence of her injuries if she was not entitled to recover for her injuries because her negligence contributed to them; and the instruction given to the jury was error;

(2) The provisions of G. L. (Ter. Ed.) c. 231, § 85, as to burden of proof did not extend to the husband in the action in his own right;

(3) Since the verdict for the wife in her action might have been based in part upon the provisions of said § 85, it could not be assumed that the jury in the action by the husband would have found that the wife was in the exercise of due care if the judge had permitted them to pass upon that issue and had charged them that the burden of proving such due care of the wife was on the plaintiff husband;

(4) The error was not harmless and the defendant's exception in the action by the husband was sustained.

Two ACTIONS OF TORT, with declarations described in the opinion. Writs dated December 4, 1930.

In the Superior Court, the actions were tried together before *Lummus,* J. Material evidence and rulings by the judge are described in the opinion. There was a verdict for the plaintiff in the first action in the sum of $4,500; and for the plaintiff in the second action in the sum of $275 on count 1, and in the sum of $1,185.75 on count 2.

The defendant alleged exceptions, which, after *Lummus,* J., became a member of this court, were allowed by *Williams,* J.

*G. J. Callahan,* for the defendant.

*D. H. Keedy,* (*J. T. Storrs* with him,) for the plaintiffs.

RUGG, C.J. These two actions of tort, one by the wife and the other by her husband, arise out of a collision between an automobile owned by the husband and driven by the wife and an automobile driven by the defendant. The wife seeks to recover compensation for personal injuries sustained by her. The husband seeks to recover damages sustained by him, as alleged in count 1 of his declaration, for injury to his automobile, and in count 2 for medical and hospital expenses incurred by him on account of his wife in consequence of her injuries.

The collision occurred in West Brookfield on the Boston Post Road where it is joined by the road from Ware. Confessedly, there was evidence warranting a finding that negligence of the defendant contributed to the accident. Motions to direct verdicts in favor of the defendant on the

ground that the wife was guilty of contributory negligence were denied. There was testimony from which it could have been found that Mrs. Thibeault was driving with a companion from Ware to West Brookfield, and as she came into the Post Road, going easterly, was ascending a considerable grade. The defendant was driving westerly on the Post Road, near the middle of which was a white line, and down the considerable grade approaching the junction with the road from Ware. The wife testified that, as she approached the place where the two roads unite, she looked both west and east on the Post Road and saw "nothing to interfere with my crossing and did so, and the minute I straightened out [on the Post Road] I saw this car [that of the defendant] coming at terrific speed . . . . Just as I crossed the white line and was going up the hill towards West Brookfield . . . then I saw the defendant and thought he was going to hit me. . . . I saw nothing whatever to interfere with my crossing. As I was crossing the intersection, I looked again . . . I was looking always — all the way across. When the accident happened, I had gotten across the white line and had straightened out to go to West Brookfield." As she came near the intersection she "saw the automobile approaching. It did not mean anything to me because it was at such a distance I thought I could make the crossing without any trouble whatever." Parts of her testimony might be thought inconsistent with what has been narrated and with other testimony. But the principle that by her other testimony she bound herself to a rejection of what has been quoted is not applicable on this record. At most it is an instance of somewhat conflicting statements where it is for the jury to find the truth. *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405, 406. There was other evidence tending to show that the defendant turned to his left in an attempt to pass in front of the other automobile and that the collision occurred on his extreme left of the road.

It is plain that it could not have been ruled that the defendant had sustained the burden of proving that Mrs. Thibeault was guilty of contributory negligence as matter

of law. This was a question of fact to be settled by the jury upon more or less conflicting evidence under appropriate instructions. The case on this point falls within the principle of numerous decisions. *Jeddrey* v. *Boston & Northern Street Railway*, 198 Mass. 232, 235, and cases cited. *Salisbury* v. *Boston Elevated Railway*, 239 Mass. 430. *Payson* v. *Checker Taxi Co.* 262 Mass. 22, 26. *Bagdazurian* v. *Nathanson*, 269 Mass. 386. *Keyes* v. *Checker Taxi Co.* 275 Mass. 461, 467, and cases cited. *Dodge* v. *Town Taxi, Inc.* 281 Mass. 77. G. L. (Ter. Ed.) c. 231, § 85.

In the action in which the husband was plaintiff the jury were instructed: "There was nothing on the evidence that Joseph Thibeault could do to prevent this accident. He was not there . . . if it is proved to you by the greater weight of the evidence that" the negligence of the defendant "caused the accident, then Mr. Thibeault" is "entitled to recover even though Mrs. Thibeault's negligence contributed to the accident. Her negligence might bar her from recovery but it wouldn't bar her husband." "It will be possible for you to find . . . for Mr. Thibeault" against the defendant "and yet deny Mrs. Thibeault damages on the ground of her contributory negligence." The defendant excepted to such portion of the charge as permitted "Mr. Thibeault to recover consequential damages for expenses of nursing, hospital and medical care, even though the jury find that Mrs. Thibeault's negligence contributed to the accident and to her injury." No exception was saved to the portion of the charge which permitted the husband to recover for damage to his automobile. *Nash* v. *Lang*, 268 Mass. 407.

The question is whether the stated ruling to which exception was taken was right. The husband's right to sue for expenses incurred by him in furnishing care for his wife as consequential damages flowing from the negligence of the defendant grows out of the obligations attaching to the marriage relation. At common law and apart from statute, the husband might by one action in his own name recover both for the personal injury to the wife and for all expenses and other damage resulting to him from that injury. That

was long ago changed by statute. See now G. L. (Ter. Ed.) c. 209, § 6. The result of modern statutes is that the husband is the nominal and legal head of the family and as such is liable for the reasonable support and necessary nursing and physicians' care of his wife and minor children. The wife, however, may bind her own estate for her expenses of this nature. In the absence of evidence it is presumed that the husband is liable for all such expenses already incurred, and therefore he may maintain an action therefor in his own name as a remnant of his common law rights. If, however, it appears that the wife has paid or rendered herself liable for such expenses, she may recover therefor in her own action. In any event, she is entitled to recover for such expenses liable to accrue in the future. *Cassidy* v. *Constantine,* 269 Mass. 56. No point of that nature is raised on the present record. Therefore it is presumed that the husband was entitled to recover for such expenses as are here in issue. The result of the history of common law rights of husband and wife and of the changes wrought by modern statutes is that the law splits the cause of action arising from tortious personal injury to a wife and gives the wife right to recover for her personal injuries in an action in her own name, and gives her husband the right to recover for expenses for nursing and physicians' care incurred as a result of such injuries, unless he is barred on the evidence and under the doctrine of *Cassidy* v. *Constantine.* These rights of action are separate and distinct. The right of the husband to recover such expenses is independent of the wife, and a judgment either way in an earlier action by the wife does not aid or bar the husband in a later action. The same principle applies in general to an action by a father to recover expenses incurred by him in the care of his minor child injured through the tortious act of a third person. The action for personal injuries belongs to the child, but the action for consequential damages to the parent. *Duffee* v. *Boston Elevated Railway,* 191 Mass. 563. *McGreevey* v. *Boston Elevated Railway,* 232 Mass. 347. *Slavinsky* v. *National Bottling Torah Co.* 267 Mass. 319, 322. Compare *King* v. *Viscoloid Co.* 219

Mass. 420. The reason for this is that, since the cause of
action is by the law split into two separate and distinct
rights, each action must stand on its own bottom and each
plaintiff must prove his whole case. The husband or father
was neither party nor privy to the earlier action by his
wife or child and hence is not bound by the judgment. It
is somewhat analogous to the principle whereby one joint
tortfeasor cannot plead a judgment in favor of another joint
tortfeasor in defence to an action brought against him by
the same plaintiff. See *Old Dominion Copper Mining &
Smelting Co.* v. *Bigelow,* 203 Mass. 159, 216. Nevertheless,
an essential element of the part of the cause of action
vested by the law in the husband is that the compensation
recoverable by him for expenses flows from a personal in-
jury for which the wife was under the law entitled to re-
cover compensation. Proof of that factor is an essential
prerequisite to recovery. If the evidence shows that the
wife was not entitled to recover compensation for her in-
juries because barred by her own conduct, there can be no
recovery by the husband. The governing rule was stated
with accuracy as to parent and child in *Dennis* v. *Clark,*
2 Cush. 347, at page 354: "If a legitimate infant child, a
member of his father's household . . . is wounded or other-
wise injured by a third person . . . under such circum-
stances as give the child himself an action against such per-
son, for the personal injury, and the father is thereby
necessarily put to trouble and expense in the care and cure
of the child, he may maintain an action against such person
for an indemnity." The plain implication of this statement
is that the converse is equally true and, if the injury occurs
under such circumstances as do not give the child a right of
action for the personal injury, the father cannot recover.
The same principle is equally applicable to actions by hus-
band and wife for tortious personal injury to the latter. The
decisions in this Commonwealth have consistently followed
the principle thus enunciated in *Dennis* v. *Clark.* In *Jack-
son* v. *Boston Elevated Railway,* 217 Mass. 515, 516, it was
held of a husband seeking to recover (as shown by the origi-
nal papers) for medical and nursing expenses incident to

personal injury to his wife: "The plaintiff in the second action is not entitled to consequential damages unless his wife, the plaintiff in the first action, can recover for personal injuries suffered while she was a passenger on the defendant's railway." The principle applies indifferently to a husband suing for consequential damages for an injury to his wife, and to a parent suing in his own right for damages arising from a personal injury to his minor child. *Lundergan* v. *New York Central & Hudson River Railroad*, 203 Mass. 460, 466. *Gardner* v. *Boston Elevated Railway*, 204 Mass. 213, 218. *Regan* v. *Superb Theatre, Inc.* 220 Mass. 259, 261. *Thompson* v. *United Laboratories Co.* 221 Mass. 276. *Pilon* v. *Easthampton Gas Co.* 248 Mass. 57, 59. *Slavinsky* v. *National Bottling Torah Co.* 267 Mass. 319. This principle prevails generally. It was said in *Tidd* v. *Skinner*, 225 N. Y. 422, at page 432: "It is an established general rule of law that where a parent sues for loss of services arising from an injury received by his infant child, damages will not be permitted if the evidence shows that the child's negligence was the efficient cause of the injury." The principle is supported by a finely reasoned opinion in *Callies* v. *Reliance Laundry Co.* 188 Wis. 376. *Chicago, Burlington & Quincy Railroad* v. *Honey*, 12 C. C. A. 190; *S. C.* 63 Fed. Rep. 39. *Benton* v. *Chicago, Rock Island & Pacific Railway*, 55 Iowa, 496, 501. *Vorrath* v. *Burke*, 34 Vroom, 188. *Winner* v. *Oakland*, 158 Penn. St. 405, 410. See cases collected in note, 42 Am. L. R. 717–725. There is nothing inconsistent with this in *Nash* v. *Lang*, 268 Mass. 407, 413, where the statement to the effect that the "doer of a legal wrong ought to be held to make compensation for its harmful consequences to the person injured unless the latter has himself contributed thereto by his own tortious conduct," was used to a different point. Such expressions with regard to one situation cannot be wrested from their context and invoked as authority for the determination of different questions. *Vigeant* v. *Postal Telegraph Cable Co.* 260 Mass. 335, 343–344. *Shapiro* v. *McCarthy*, 279 Mass. 425, 432.

The conclusion is that in the circumstances here dis-

closed the husband cannot recover compensation for expenses of nursing and physicians' care where the negligence of the wife contributed to her injuries. Therefore, there was error in the portions of the charge to which exception was taken.

This error was not harmless and has not been cured by the verdict in favor of Mrs. Thibeault. In her action she was presumed to be in the exercise of due care and her contributory negligence was an affirmative defence where the burden of proof rested on the defendant. G. L. (Ter. Ed.) c. 231, § 85. *O'Connor* v. *Hickey,* 268 Mass. 454, 458–460. As has already been pointed out, the action of the husband is separate and distinct from that of the wife. The provisions of said § 85 as to burden of proof do not extend to the husband in the action in his own right. The presumption created by that section relates only to actions "to recover damages for injuries to the person or property." Those words mean damages "which are the result of a direct injury to the person of the plaintiff" and do not include either those which were "sustained by the plaintiff in consequence of direct injury to the person of another" or " 'mere impoverishing of a man's estate generally,' due to his being required to spend money." *Wilson* v. *Grace,* 273 Mass. 146, 154. That decision, rendered after full discussion and consideration, although interpreting words in G. L. (Ter. Ed.) c. 231, § 85A, is of equal force respecting the same words in § 85. See also *Bullard* v. *Boston Elevated Railway,* 226 Mass. 262, 267. Therefore Mrs. Thibeault may have recovered because of the provisions of § 85, of which she was entitled to the benefit. Those provisions did not enure to the benefit of her husband in his action, where the burden of proof as to all essential factors of his cause of action including due care of his wife in connection with the injuries received by her, rested upon him as an affirmative proposition. It cannot be said that an error as to burden of proof was harmless and did not injuriously affect the substantial rights of the parties. This error, however, affects only the verdict upon count 2 of the declaration in the case of Joseph H. Thibeault. The exceptions must

be sustained but the verdict in his favor on count 1 is to stand and the new trial is to be confined to count 2. In the case of Mary E. Thibeault the exceptions are overruled.

*So ordered.*