No. 2990          Northern          Middlesex, ss.
SPRACKLIN
       (Stanley Cogan, David Cohen, George Shagoury)
v. HENDERSON               (W. J. Conboy)
   From the District Court of Eastern Middlesex—Brooks, J.
Argued October 27, 1941—Opinion Filed December 9, 1941

JONES, P.J. (Sullivan, & Pettingell, JJ.)—This is an action of tort in which plaintiff seeks to recover damages to person and property, arising from a collision of automobiles at an intersection.

The evidence in the case is conflicting.

The court took a view of the scene of the accident.

The plaintiff requested the court to rule,—

1. There is no evidence which warrants a finding for the defendant.

2. There is no evidence which requires a finding for the defendant.

3. There is no evidence which warrants a finding that the plaintiff was not in the exercise of due care.

These requests were all denied.

Before final arguments in the case the trial judge stated there was no question that the defendant was negligent, and that the sole question was whether or not the plaintiff was contributorily negligent..

The finding of the court was for the defendant and all the rulings requested were denied.

The plaintiff bases his argument upon the statement of the court made before argument of the case that the defendant was negligent, but we cannot say that this was the finding in this respect, as all we have to go by is the record, and the finding entered after reflection. By this record it appears that the defendant entered the intersection first. Defendant was at

the right of the plaintiff and under the law, approaching the intersection as laid down in G. L. Ter. Ed. c. 89, sec. 8 the defendant being already in the intersection and entering from the right first, the defendant had the right of way, and plaintiff should have granted the right of way to the defendant, the first to enter.

It was a question of fact for the court to decide which party was the first to enter the way. *Barrows* v. *Checker Taxi Co.*, 290 Mass. 331; *Dodge* v. *Town Taxi*, 281 Mass. 77; *Ferreira* v. *Zaccolanti*, 281 Mass. 91. And once there is any evidence regarding such entrance, the party so entering the right of way has the prior right thereto. See cases cited.

This is not a case where the plaintiff entered the intersection first, as in *Fournier* v. *Zinn*, 257 Mass. 103, and *McMillan* v. *Cantrall*, 257 Mass. 133.

The court had a right to disbelieve the testimony of plaintiff as to which party entered the intersection first. *Lindenbaum* v. *New York, New Haven & Hartford Railway*, 197 Mass. 314. There was no harmful error in the denial of the rulings requested. Report dismissed.