No. 3015            Northern            Middlesex, ss.
STILLMAN                              [Louis L. Bobrick)
v. KELLY              ( Willard, Allen & Mulkern)
From the Third District Court of Eastern Middlesex—Stone, J.
    Argued Nov. 24, 1941—Opinion filed Dec. 29, 1941

WILSON, J. (Jones, P. J., and Pettingell, J.)—This is an action of tort for personal injuries and property damage alleged to have been sustained in a collision of automobiles at the intersection of Harvard and Portland Streets in Cambridge. The defendant's answer was a general denial and contributory negligence.

At the trial there was evidence tending to show that the plaintiff was operating her automobile on Harvard Street in the direction of Harvard Square, and the defendant was operating his automobile on Portland Street in the direction of Main Street.

The trial court found, among others, the following facts, which were fully warranted by the evidence, taken in its aspect most favorable to the prevailing party. *Karjavainen* v. *Buswell,* 289 Mass. 419, 421):

The collision occurred at the corner of Harvard and Portland Streets on Dec. 29, 1940, at about 8:15 P. M. The streets are of equal width measuring about thirty-five feet from curb to curb. The car driven by Kelly was proceeding south on Portland Street; that driven by Stillman was proceeding west on Harvard Street. The corner which they were approaching is occupied by a high factory building built upon the property line. Both operators were negligent. The Kelly automobile entered the intersection at a speed of twenty-five

miles per hour which was unreasonable under the circumstances. The operator was not paying attention to the traffic approaching on his left and did not see the other automobile until it was fourteen feet away from his automobile. The Stillman automobile entered the intersection line first but so close to the time that the other automobile entered the intersection that they entered at approximately the same time and the operator should have slowed down and granted the right of way to the Kelly automobile which was approaching on the operator's right. The Stillman automobile also entered the intersection at a rate of speed that was greater than was reasonable and proper.

The plaintiff filed nine requests for rulings which are set forth in full in the report. The court denied numbers 1, 2, 3, 4, 6, and 9, and found for the defendant. The plaintiff claims to be aggrieved by the denial of said rulings.

It was said in *Bresnick* v. *Heath,* 292 Mass. 293, 297:

"When a collision occurs between automobiles at an intersection of ways, the question of whether there has been negligence on the part of either or of both of the operators is generally one of fact. *Keyes* v. *Checker Taxi Co.,* 275 Mass. 461 *Clay* v. *Pope & Cottle Co.,* 273 Mass. 40. *Bagdazurian* v. *Nathanson,* 269 Mass. 386. *Harlow* v. *Corcoran,* 290 Mass. 289, 293. *Walsh* v. *Wilson,* 281 Mass. 78. While the defendant in the case at bar had the right of way under G. L. (Ter. Ed.) c. 89, p. 8, having entered the intersection first, he was not thereby entitled to an absolute or exclusive right under all conditions. *Fournier* v. *Zinn,* 257 Mass. 575, 577. *Brown* v. *Robinson,* 275 Mass. 55, 56. He was not thereby relieved of the general duty to exercise due care to avoid injury to others and harm to himself. Due care required him to look out for approaching vehicles and to make reasonable effort to avoid a collision. The fact that he had the right of way did not authorize him to proceed irrespective of impending peril. It might have been found that the defendant looked carelessly in failing to see the oncoming automobile and that he entered the path of an obvious danger."

See also numerous cases there cited. See also *Barrows* v. *Checker Taxi Co.* 290 Mass. 231, 232. *Shockett, Admr.,* v. *Akeson,* Mass. Adv. Sh. (1941) 1739 (28 B. T. L. 27).

In the instant case it could have been found and was found that both operators were operating at a speed greater than was reasonable and proper in violation of G. L. (Ter. Ed.) c. 90, p. 17. Such a violation in itself was evidence of negligence of both parties. *Harlow* v. *Corcoran,* 290 Mass. 289. *Marshall* v. *Carter,* 301 Mass. 372.

There was no error in dealing with the requests for rulings.

Nos. 1, 3, and 4 were denied as inapplicable to facts found. The facts found were properly stated as required

by Rule XXVII.   See *Bresnick* v. *Heath*, 292 Mass. 293. *Commonwealth* v. *Hull*, 296 Mass. 327.

No. 2 was properly denied within the rule above quoted from *Bresnick* v. *Heath*.

No. 6 was also properly denied because whether there was violation of a criminal statute was a question of fact.   *Towle* v. *Morin*, 295 Mass. 583.   So also was the question of whether such violation had a causal relation with the harm to the plaintiff. *Keeler* v. *Godfrey*, Mass. Adv. Sh. (1941) 653 (26 BTL 303).   *Leveil̃ee* v. *Wright*, 300 Mass. 382. Both of these issues are decided against the contention of the plaintiff by the findings of fact made by the court.

As to all the issues in the instant case, the evidence was conflicting and its credibility was for the trial court.   Such a decision is not reviewable by this Division.   *Dolham* v. *Peterson*, 297 Mass. 479.

The record contains no prejudicial error and the report is dismissed.