Submit order.

**Petition of Myron R. BORAKS as owner of the cruiser THE MY-FLO, her engine, etc., for exoneration from her limitation of liability, civil or maritime.**

No. 56-4.

United States District Court
D. Massachusetts.

June 15, 1956.

William T. Conlan, Ely, Bartlett, Thompson & Brown, Boston, Mass., for petitioner.

Lawrence E. Cooke, Boston, Mass., for claimants.

ALDRICH, District Judge.

Mrs. Gottlieb, hereinafter called the wife, was one of a party of guests on board the petitioner's gasoline yacht when it caught fire and sank. She brought suit on the law side of this court for personal injuries, her husband joining as plaintiff for consequential damages. Thibeault v. Poole, 283 Mass. 480, 186 N.E. 632. The jurisdictional amount would appear to be lacking so far as he

---

is concerned, and his claim may have to be dismissed. Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001. Thereafter the defendant filed the instant petition for limitation of liability, naming the husband and wife as respondents. It is stipulated that the value of the vessel, if the petitioner is entitled to limit, is less than the claim of either one of them. They seek, however, to have me apply the rule of Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520, to suspend the limitation proceeding until their lawsuit has been heard, on the ground that this is in effect a single-claim proceeding. Petitioner replies that there are two separate claims. In this he is correct. Thibeault v. Poole, supra. The husband answers that if this makes a difference he will stipulate that in case petitioner is entitled to limit, he, the husband, will give petitioner, without further consideration, a full release of his claim. This, it is argued, would bring the case within the principle enunciated in Petition of Moran Transp. Corp., 2 Cir., 185 F.2d 386, certiorari denied 340 U.S. 953, 71 S.Ct. 573, 95 L.Ed. 687.

The Moran case establishes that there is no arbitrary rule of single vs. multiple claims, and that the real reason for assimilation of everything into the limitation proceedings flows from the necessity of marshaling assets. In that case there were two claims, but it was agreed that one, which was less than the admitted value of the vessel, should be paid in full in any event. The court, accordingly, ruled that in essence it was a one-claim case. Here, however, I am asked to go further. In Moran the court pointed out that the acknowledged claimant was not even in the position of disputing the right to limit, since he was to be paid regardless. The husband here offers to release his claim only if it is found that petitioner has no right to limit, which right he contests. Even the court which decided Moran did not extend it to palliative devices patently adopted for procedural maneuvering. See Petition of Trinidad Corp., 2 Cir., 229 F.2d 423, 429.

The motion to vacate the restraining order is denied, whether as a matter of law or as a matter of discretion.